GENOA SCHOOL DISTRICT NO. 3 *v.* BRIGHTON
AREA SCHOOL DISTRICT.

1. SCHOOLS AND SCHOOL DISTRICTS—TOWNSHIP BOARD—ALTERATION
   OF BOUNDARIES—POSTING OF NOTICES.
   Provision of school code requiring posting of notice of meeting
   of township board for purpose of altering the boundaries of
   a school district applies not only to districts lying wholly
   without a city but to districts which may include a city of less
   than 10,000 population, notwithstanding a contrary statutory
   inference arising from classification claimed to arise by vir-
   tue of subheadings in the statute (CL 1948, §§ 353.1, 353.2,
   353.13, 353.14).

2. OFFICERS—INFORMATION.
   Public officers have a duty to obtain the best available infor-
   mation upon matters requiring their action.

3. SCHOOLS AND SCHOOL DISTRICTS—ALTERATION OF BOUNDARIES—
   POSTING OF NOTICES.
   County board of education *contemplated* alteration of primary
   school district boundaries, within meaning of statutory provi-
   sion requiring posting of notices in affected districts, where, as
   successor of township board, alteration was proposed jointly by
   it and district containing in whole or in part a city of less
   than 10,000 population (CL 1948, §§ 353.2, 353.14, 353.15).

4. SAME—ALTERATION OF BOUNDARIES—POSTING OF NOTICES.
   The failure to post notice of joint meeting of county board
   of education and boards of education of primary districts
   and school district in which was located a city of less than
   10,000 population, affected by proposed alteration of bound-
   aries, rendered void the action taken in transferring property
   of the respective districts (CL 1948, §§ 353.2, 353.14, 353.15).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4]. 47 Am Jur, Schools § 23.
[5] 3 Am Jur, Appeal and Error § 823.
[6] 14 Am Jur, Costs § 91.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ELIMINATION OF UNDETERMINED MATTER.

Provision of decree determining that certain statutory provisions needed to be complied with in order to effectuate a change of boundaries in primary school districts by which the boundary of a rural agricultural school district was to embrace some of the territory of some primary districts is eliminated, where compliance with such provision was not raised in bill of complaint· or brief and was not necessary to decision (CL 1948,. § 353.1).

6. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES.

No costs are allowed in suit to enjoin transfer of certain school district property involving a construction of the school code, since a matter of public importance is involved (CL 1948, §§ 353.1, 353.2, 353.13, 353.14).

Appeal from Livingston; Elliott (Philip), J., presiding. Submitted March 31, 1953. (Docket No. 91, Calendar No. 45,686.) Decided June 8, 1953.

Bill by Genoa School District No. 3. and others against Brighton Area School District and others to restrain transfer of property from plaintiffs. Decree for plaintiffs. Defendant Brighton Area School District appeals. Modified and affirmed.

*E. Reed Fletcher,* for plaintiffs.

*Van Winkle & Van Winkle,* for defendant and appellant.

REID, J. This action was brought in chancery by 2 school districts to enjoin defendants from taking further action to transfer property from the 2 plaintiff districts to the defendant Brighton Area school district in a proceeding for alteration of boundaries of school districts, which proceeding is claimed to be void for want of notice. From a decree for plaintiffs, defendant Brighton Area school district appeals. Involved is the construction of 4 sections of

the statutes, CL 1948, §§ 353.1, 353.2, 353.13 and 353.-14 (Stat Ann 1953 Rev §§ 15.407, 15.408, 15.419 and 15.420), which are as follows:

"A township board may in its discretion detach the property of any person or persons from 1 district and attach it to another, or divide or consolidate districts: Provided, however, That no land which has been taxed for building a schoolhouse shall be set off into another district for the period of 3 years thereafter except by the consent of a 2/3 majority of the resident owners of said land to be set into another district; and no district shall be divided into 2 or more districts without the consent of the majority of the qualified school electors of said district present and voting at a meeting called for such purpose, and 2 or more districts shall not be consolidated without the consent of a majority of the qualified school electors of each district present and voting at a meeting called for that purpose." CL 1948, § 353.1.

"Whenever the township board shall contemplate an alteration of the boundaries of a district, the township clerk shall give at least 10 days' notice of the time and place of the meeting of said board and of the alteration proposed, by posting such notice in 3 public places in the township or townships, 1 of which notices shall be in each of the districts that may be affected by such alteration. For meetings of boards to act in relation to fractional districts, the county commissioner or commissioners of schools shall designate which clerk shall give the notice. Whenever the township boards of more than 1 township meet, they shall elect 1 of their number chairman, and another clerk thereof." CL 1948, § 353.2.

"Whenever a change in, or the establishment of, the boundaries of a school district composed in whole or in part of a city having a population of less than 10,000, which such city lies wholly or partially within the boundaries of such school district, is desired or becomes necessary, and in any case where a petition

signed by the qualified school electors of such district, to a number, which shall not be less than 25 per centum of the number of children in such district as shown by the then current school census, has been filed with the commissioner of schools of the county in which said school district is located, such change or establishment shall be made by the joint action of the board of education of such district, the township board of the township in which the territory may be located, or the township boards if the territory affected is located in more than 1 township, adjoining such district and the city governing body. Whenever any change is contemplated in regard to the boundaries of the school district, and a majority of the members of the board of education shall vote in favor thereof, it shall be the duty of the said board to elect 4 of its members as a committee to meet with the city governing body and the proper township board in the joint meeting herein authorized, and the secretary of the board of education shall notify the township board or boards of the township or townships in which the territory intended to be attached to or detached from the school district is located and the city governing body, that a joint meeting of such township board or boards and the city governing body will be held with the committee of the board of education of the city at a place, on a date, and at an hour named in said notice, but not within 10 days of the date of said notice. The secretary of the board of education shall notify the township board or boards, through the township clerk of such township or townships, and he shall also notify the committee representing the members of the board of education of the district including the city of the time and place of such meeting. It shall be the duty of each member of the board or committee to attend such meeting." CL 1948, § 353.13.

"When the joint boards and committee have assembled they shall elect from their number a chairman and a clerk and shall proceed to consider the

changes contemplated and it shall require a majority vote of all the members of the joint board for affirmative action. When said joint board has made alterations in the boundaries of the school districts, it shall prepare a map showing in detail the boundaries of the original school district and the boundaries of the territory annexed or detached, and a copy of such map shall be kept on file in the office of the secretaries of the boards of education, in the office of the city clerk in which either school district is located in whole or in part and in the office of the township clerk or clerks of the township or townships in which the school districts, or any part thereof may be located: Provided, That section 5 of chapter 3 of part 2 of this act shall be applicable." CL 1948, § 353.14.

The 2 plaintiff school districts are primary school districts.

The defendant Brighton Area school district is a rural agricultural school district, the boundaries of which compose in whole or in part a city having a population of less than 10,000.

Defendant Brighton Area school district, acting solely in the manner provided by CL 1948, §§ 353.13 and 353.14, claims to have detached certain territory as in the records and proceedings described, from the 2 plaintiff school districts, attaching the same to the Brighton Area school district.

It is stipulated that all proceedings in and about the changing or establishment of boundaries of Brighton Area school district were consummated by the Brighton Area school district, Livingston county board of education and Brighton city council, being the governing body of the city of less than 10,000 population located within defendant school district, that all proceedings as required by sections 353.13 and 353.14 were carried out and completed as therein described and set forth, and that no com-

pliance with any other statutory provisions was attempted, it being the position of defendants that compliance with the 2 sections above is all that is required of them.

It is further stipulated that no notices were posted in plaintiff school districts relative to the transfer of the property and the alteration of school district boundaries.

The county board of education is made defendant instead of the township board, evidently on account of the provisions of CL 1948, § 388.177 (b), as amended by PA 1951, No 268 (Stat Ann 1953 Rev § 15.167), by which the county board of education is "to have all of the authority and powers and duties given to township boards by the school code, with respect to the organization of school districts and the alterations of boundary lines of school districts."

The trial court considered that the 4 sections in question should be read together in arriving at the necessary procedure for alteration of boundaries such as that undertaken to be made in the instant case. Defendants claim the law to be otherwise and that sections 353.13 and 353.14 are the ony sections to be complied with. The 4 sections in question are parts of chapter 3 of part 2 of the school code. Chapter 3 is entitled, "Alteration and consolidation of districts." Sections 353.1 to 353.12, inclusive, are under a subtitle, "Districts the territory of which does not lie wholly or partly within a city." Sections 353.13 and 353.14 are in a portion of chapter 3 entitled, "Districts composed in whole or in part of a city of less than 10,000."

The provisions and requirements of section 353.2, as to notice, are not limited by its terms to proceedings brought under section 353.1, and are broad enough to cover proceedings under sections 353.13 and 353.14. The provisions of section 353.2, as to

notice, can be construed as applying to sections 353.-13 and 353.14.

It cannot be presumed that the legislature intended that a meeting such as is provided for in sections 353.13 and 353.14 should be held without the actual knowledge of the officers of each district to be affected by proposed alterations of boundaries. Public interests are involved. It is the duty of public officers to obtain the best available information upon matters requiring their action. Plaintiffs could give highly useful information regarding the feasibility and desirability of the proposed alterations. No need is shown for notice of meetings held under section 353.1 more than in case of meetings held under sections 353.13 and 353.14. Plaintiffs as part of the general public had a right to be heard at the meeting in question.

The inference from the foregoing that the legislature intended section 353.2 to apply to meetings held under sections 353.13 and 353.14, as well as meetings held under section 353.1, outweighs the inference that because section 353.2 is grouped under a different heading or subtitle than that under which sections 353.13 and 353.14 are grouped, that therefore section 353.2 does not apply to sections 353.13 and 353.14.

We construe the first full sentence in section 353.2 to apply just as it recites, *viz.,* that whenever the county board of education (successor to the township board in this particular) shall contemplate an alteration of the boundaries of a school district, the notice, as provided in said section 353.2, shall be given, regardless of whether the meeting shall be held in a proceeding brought in a section of the statute grouped under the same subtitle with section 353.2 or not.

Defendant county board of education claims that it never *contemplated* the change within the meaning of section 353.2 because the alteration was *proposed*

by the Brighton Area school district. However, the action complained of was joint; the county board of education actually was a party to the joint action. The county board of education must be held to have "contemplated" the matter, within the meaning of section 353.2.

The action of defendants complained of is void for want of compliance with section 353.2, as to notice.

Plaintiffs did not, in their bill nor in their brief, raise or discuss the proposition that in this case it was necessary for the defendants to have complied with the provisions of section 353.1, but rest their case solely on the ground of want of posting of notice before the meeting at which the property was undertaken to be transferred away from plaintiff districts. The trial judge determined that it was necessary that defendants should have complied with section 353.1, as well as section 353.2, and, also, with sections 353.13 and 353.14.

We decline to determine whether there should have been a compliance with section 353.1 because that question was not presented in the pleadings nor sufficiently briefed, and is not necessary to a determination of this case because we dispose of the case on other grounds, which portion of the decree must therefore be eliminated as undetermined matter. The decree, however, in all other particulars we affirm.

A decree will be entered in this Court in accordance with this opinion. No costs, a matter of public importance being involved.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.