MAJESKI *v.* HURON COUNTY SUPERINTENDENT
OF SCHOOLS.

1. SCHOOLS AND SCHOOL DISTRICTS—RURAL AGRICULTURAL DISTRICT—
FORMATION—APPROVAL.

    The action of the superintendent of public instruction in approv-
ing the formation of a rural agricultural school district is
final (CLS 1952, § 345.9).

2. SAME — RURAL AGRICULTURAL DISTRICT — PETITIONS — FRAUD —
PLEADING.

    Averments in bill to enjoin formation of rural agricultural school
district *held,* insufficient to charge actual fraud in connection
with the signing of petitions in that it was represented that
each constituent rural district would vote separately on the
proposition (CL 1948, § 345.1 *et seq.,* as amended; §§ 388.171–
388.187, as amended).

3. SAME—RURAL AGRICULTURAL DISTRICT—INJUNCTION—PLEADING.

    The trial court properly determined suit to enjoin formation of
rural agricultural school district on its merits, where, as the
result of a colloquy between the trial court and counsel for
the respective parties, it was agreed that issues presented ques-
tions of law only, and that the case would be submitted for
determination on the pleadings and avoid further undue injury
(CL 1948, § 345.1 *et seq.,* as amended).

4. SAME—COUNTY BOARD OF EDUCATION—RURAL AGRICULTURAL
SCHOOL—ELECTIONS.

    The authority, powers and duties conferred upon township boards
by the school code with respect to the organization of school
districts and the alterations of boundary lines of school dis-
tricts have been transferred to the county board of education in
counties having such a board; hence, election as to formation

of rural agricultural school district within county having such a board from 8 rural districts and a graded district was not invalid by reason of the fact that the election in the 8 districts was conducted as a unit by the county board rather than by a township board designated by the county board (CL 1948, § 345.10; CLS 1952, § 388.177).

5. COSTS—PUBLIC QUESTION—SCHOOL ELECTION.
   No costs are allowed in suit to enjoin the formation of a rural agricultural school district, a public question being involved in the determination of legislative intent (CL 1948, § 345.1 *et seq.*, as amended; §§ 388.171–388.187, as amended).

Appeal from Huron; Quinn (Timothy C.), J., presiding. Submitted April 8, 1954. (Docket No. 42, Calendar No. 46,084.) Decided June 7, 1954.

Bill by Felix Majeski and 4 other electors in school district against Huron County Superintendent of Schools, Dwight Township School District No. 5, Fractional, and State Superintendent of Public Instruction, to declare void an election in respect to formation of rural agricultural school district. Bill dismissed. Plaintiffs appeal. Affirmed.

*Philip Woodworth,* for plaintiffs.

*Thomas R. McAllister,* for defendant Dwight Township School District No. 5, Fractional.

*James M. Umphrey,* Prosecuting Attorney, for defendant Huron County Superintendent of Schools.

CARR, J. This case has resulted from an attempt to form a rural agricultural school district in Huron county under the provisions of part 1, chapter 5, of the school code* of the State. In accordance with the provisions of said chapter petitions signed by quali-

* PA 1927, No 319, as amended (CL 1948, § 345.1 *et seq.*, as amended [Stat Ann 1953 Rev and Stat Ann 1953 Cum Supp, § 15.92 *et seq.*]).

fied school electors in 8 rural school districts of said county and in 1 graded school district were presented to the county superintendent of schools. It is conceded that Huron is organized as a county school district, with a county board of education, under the provisions of PA 1935, No 117 (CL 1948, §§ 388.171–388.187 [Stat Ann 1953 Rev and Stat Ann 1953 Cum Supp §§ 15.161–15.172(5)]). The amendment thereto by PA 1953, No 113, is not material to any issue in the instant case. In accordance with the statute the petitions were submitted to the superintendent of public instruction, who approved the formation of the district as contemplated. Under the terms of the pertinent section of the code (CLS 1952, § 345.-9, Stat Ann 1953 Rev § 15.100) such action was final.

Following the approval of the project by the superintendent of public instruction the county superintendent of schools, acting as the executive officer of the county board of education, proceeded to cause elections to be held in the 8 primary school districts as a unit and in the graded school district. In the latter district the election was conducted by the local board of education, as required by the statute, and the election in the 8 other districts was held under the supervision of the county superintendent of schools. Prior to the date on which the elections were held, a number of school electors from one of the primary districts petitioned the superintendent of public instruction to order such district omitted from the proposed rural agricultural school district. Such petition was presented after the approval of the project, and it was denied. The elections resulted in favor of the establishment of the proposed new school, and shortly thereafter the plaintiffs in the instant case, who are qualified school electors in

one of the districts concerned, brought the present suit in equity to enjoin further action.

It was the claim of the plaintiffs, as set forth in their bill of complaint, that the election in the primary school districts should have been conducted by a township board designated by the county superintendent of schools, rather than under the supervision of the county board of education through its executive officer. The bill of complaint also alleged that plaintiffs, and perhaps other persons from their school district, had signed the original petition because they were informed by parties circulating it that each rural school district would vote separately on the proposition. The averments in this respect, however, were insufficient to charge actual fraud in connection with such signing. The bill of complaint sought injunctive relief on the theory that the superintendent of public instruction should have modified his original approval and have directed the omission of the district in which plaintiffs reside from the proposed new district, and that the election in the 8 rural districts referred to was conducted by the county board of education without authority.

On the filing of the bill, to which the State superintendent of public instruction was made a party defendant together with the county superintendent of schools and the graded school district concerned, a restraining order was issued by the circuit court, and defendants were required to show cause why a temporary injunction should not issue forbidding them to continue the proceeding to organize the new district pending the further order of the court. On the return day of such order a motion to dismiss the case was made on behalf of the superintendent of public instruction. The other defendants filed answers denying that plaintiffs were entitled to the injunctive relief sought.

The record does not disclose that proofs were taken, but the situation was discussed at some length by the court and by counsel representing the respective parties. In the course of the colloquy the attorney for the plaintiffs stated that only 2 questions were involved, the first as to the authority of the superintendent of public instruction, and the second as to the conduct of the election. Attorneys representing the defendants agreed with the statement and further agreed, as suggested by the court, that such issues presented questions of law only. Thereupon the circuit judge indicated that the matter would be submitted on the pleadings, stating further that a decision would be rendered as soon as possible and that the delay that had occurred had resulted in "undue injury to the district."

On October 29, 1953, the circuit judge filed a written opinion, referring to the fact that the parties had stipulated that only questions of law were involved and that the pleadings presented such questions without the need of proofs. The questions thus submitted were determined adversely to the claims of the plaintiffs, and an order was entered dismissing the bill of complaint. From such order plaintiffs have appealed to this Court.

No issue is raised here as to the correctness of the action of the trial court in dismissing the case as to the superintendent of public instruction. It is insisted, however, that the court was in error in determining the case on the pleadings. Apparently it is the position of appellants that, other than dismissing the case as to the State superintendent, the determination should have been limited to the matter of the issuance of a temporary injunction. We think such position is not tenable. The statements made by the court and by counsel during the colloquy, above referred to, clearly indicate that all parties then considered that the case was being submitted

for determination of the legal questions raised by the pleadings. Such was clearly the understanding of the trial judge. Plaintiffs are not now in position to claim that he was in error in proceeding to decide the case on the merits.

Appellants' claim that the election in the rural districts should not have been conducted by the county board of education is based on the language of part 1, chapter 5, § 10, of the code (CL 1948, § 345.10 [Stat Ann 1953 Rev § 15.101]). In terms said section directed that the election in the school district containing the graded school should be conducted by the school board of such district, and that the county school commissioner should designate a township board to conduct the election in the balance of the territory proposed to be incorporated into the rural agricultural school district. However, PA 1935, No 117, above cited, provided for the formation of county school districts, the election of county boards of education therein, the abolishing of the office of county commissioner of schools, the termination of the authority of township boards relating to the organization of school districts, and the appointment of a county superintendent of schools. Section 7* thereof, in defining the powers and duties of said board, reads in part as follows:

"To have all of the authority and powers and duties given to township boards by the school code, with respect to the organization of school districts and the alterations of boundary lines of school districts. In all counties within the scope of this act the authority of township boards to organize school districts and to alter the boundaries thereof is hereby terminated. In any county within the scope of this act the functions and duties of township clerks relative to the organization of school districts and

---

* CL 1948, § 388.177, as amended by PA 1951, No 268 (CLS 1952, § 388.177, Stat Ann 1953 Rev § 15.167).

the alterations of boundary lines of school districts are likewise terminated and the same are hereby reposed in the county superintendent of schools as the executive secretary of the county board of education."

The question is whether the above provision is controlling in the instant controversy or whether the prior provisions of the school code, on which appellants rely, should be followed. The trial court correctly held that the later statute applied. The question is one of legislative intent. The provisions relating to the powers and duties of the county board of education are not ambiguous. It was clearly the intention of the legislature to deprive township boards of powers and duties previously vested therein by the school code and transfer the exercise and performance thereof to the county board of education. The title to the act of 1935, which was amended by PA 1949, No 217, further indicates such intent. Under well-established rules of statutory interpretation the conclusion follows that the county board of education, acting through its executive officer, was vested with authority to conduct the election in question here in the primary school districts. *City of Grand Rapids* v. *Crocker,* 219 Mich 178; *Gardner-White Co.* v. *State Board of Tax Administration,* 296 Mich 225; *Nordman* v. *Calhoun,* 332 Mich 460.

In *Genoa School District No. 3* v. *Brighton Area School District,* 336 Mich 575, the local authorities concerned had proceeded on the assumption that powers and duties vested in township boards under the school code had been transferred to the county board of education under PA 1935, No 117, as amended. Apparently no question was raised as to the correctness of such assumption. The opinion of this Court, in consequence, while referring to said act as explanatory of the inclusion of the county

board of education as a party defendant instead of the township board, did not discuss the specific question advanced in the instant case.

The order of the trial court dismissing the bill of complaint is affirmed. In view of the nature of the controversy, no costs are allowed.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.