67  601
71   90

67   601
125  669

JOHN W. DOXEY v. THE TOWNSHIP BOARD OF SCHOOL INSPECTORS OF THE TOWNSHIP OF MARTIN.

*Schools and school districts—Detaching territory from district— Notice of meeting of inspectors—Consolidation of districts.*

1. A township board of school inspectors may under *one notice*, and at *one meeting*, by *separate action*, detach lands from *separate* school districts and attach them to one district.

2. Where the action of a board of school inspectors in *detaching* territory from a district, without the consent of a majority of the resident tax-payers, and *attaching* it to another district, left land enough in the former for school purposes, they may afterwards consolidate such remaining territory, with the consent of its remaining resident tax-payers, with any other district which gives a like consent.

Certiorari to review the action of a board of school inspectors, etc. Argued November 3, 1887. Writ quashed as improvidently issued November 10, 1887. The facts are stated in the opinion.

*E. J. Anderson* (*W. B. Williams*, of counsel), for petitioner.

*Padgham & Padgham*, for respondent.

MORSE, J. The writ of *certiorari* in this case was sued out to review the proceeding of the board of school inspectors in detaching certain territory and property from school district

No. 5, in the township of Martin, Allegan county, and attaching it to school district No. 1, in the same town.

On the fourth day of May, 1887, the clerk of the board of school inspectors gave notice that the board would meet at a certain place designated .in the notice, on the twenty-first day of May, 1887, at 4 o'clock P. M., for the purpose of altering the boundaries of school districts Nos. 1, 4, and 5, in which notice the proposed alterations were specifically set forth.

The board met pursuant to said notice at the time and place mentioned, and proceeded to and did make the alterations as proposed in said notice.   Doxey's land was among the lands taken from No. 5 and attached to No. 1, and he claims in his affidavit for the writ to have been greatly damaged by such action.

The objections urged against these proceedings of the school inspectors are two, namely:

1. That the consent of a majority of the resident tax-payers of said district No. 5 was not obtained to the detaching of this territory, and that, in effect, it was dividing the district into two districts, contrary to the statute.

2. That said board under the same notice, and at the same meeting, detached lands from districts Nos. 4 and 5, be.ng two separate districts, and attached them to district No. 1.

In relation to this last objection, it appears that the board voted separately upon the question of detaching the territory from each district, and those present had ample opportunity of being heard upon each proposition.   There was no such connection between the two hearings, or the action upon the proposed detachments of territory, as to lead to any confusion or prejudice to the rights of those interested.

We can see no valid objection to these matters being contained in one notice, or being acted upon separately at one meeting of the school inspectors.

As to the first objection, its consideration must depend entirely upon the statutory powers of the board.

By How. Stat. § 5033, the township board of school inspectors are authorized to divide the township into such number of school districts as they may consider necessary from time to time, and they may regulate and alter the boundaries of the same as circumstances shall render proper. This power is subject to certain restrictions found in chapter 196, How. Stat.

The limitations of their power necessary to be noticed in the consideration of this case are found in section 5041 of the same statute. This section authorizes the inspectors *in their discretion* to detach the property of any person or persons from one district, and attach it to another. It further provides that—

"No district shall be divided into two or more districts without the consent of a majority of the resident tax-payers of said district, and no two or more districts be consolidated without the consent of a majority of the resident tax-payers of each district."

It is conceded that such consent was not obtained in this case.

It is contended by the plaintiff in the writ that the action of the board on the twenty-first of May, 1887, supplemented by further action at subsequent meetings, has in fact destroyed district No. 5 for all practical purposes of a school district; that there are now left within the boundaries of said district only three farms, and three families. The number of school children therein is not stated. No relief, however, is asked against this subsequent action of the board, and it is only brought into the case to show that, indirectly, the board has accomplished, without the consent of the tax-payers, what the statute forbids the school inspectors to do directly, and at one time.

The board in their answer return that they have no *data* from which to ascertain or state the assessed value of the property detached on the twenty-first day of May from dis-

trict No. 5, and attached to No. 1, but they think that the value of the property left in No. 5 exceeded that taken away and attached to No. 1.

It also appears from said return that the subsequent proceedings by which additional territory was detached from No. 5 was with the consent and at the urgent solicitation of a majority of the tax-payers then residing in the district, excluding the tax-payers set out of said district by the action taken on the twenty-first day of May, but the record of the subsequent meeting, which was on the first day of June, 1887, does not show such consent.

But we cannot concern ourselves with what was done at this meeting of June 1, or any subsequent meeting.

We are called upon by this writ only to determine the validity of the proceedings of May 21.

As to these proceedings, if the board had jurisdiction in the premises, we cannot interfere with their discretion, or review their action. *Brody v. Penn Tp.*, 32 Mich. 272.

The school inspectors in this case did not undertake to divide the districts into two or more new districts, or to consolidate No. 5 with No. 1. If they had the power to detach any territory from No. 5 and attach it to No. 1, they had the right to take what they saw fit, unless such action would practically destroy the district. It is not shown that their action on the twenty-first of May produced any such result. If their proceedings on that day did not destroy the district, but left territory enough for school purposes, it was certainly competent for the board afterwards, with the consent of the remaining resident tax-payers, to consolidate the whole territory left within the district with No. 1, or any other district, if such other district also consented through its resident tax-payers.

It is not necessary for us to determine here whether they could take such action as to leave only three tax-payers in the district, as the plaintiff in this writ does not complain of

such action, and it is doubtful if he could be heard to complain, having before said first day of June been lawfully detached from said district No. 5.

It follows that the writ in this cause was improvidently issued, and must be quashed, with costs.

SHERWOOD and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J., did not sit.