GEORGE W. BRIGGS v. MARSHALL BORDEN, ANSEL N. CLARK, AND GEORGE M. FIELD, BOARD OF SCHOOL INSPECTORS OF THE TOWNSHIP OF GREEN OAK.

*Schools and school-districts — Township inspectors — Dissolution of district—Consent of tax-payers—Equity—Injunction.*

1. How. Stat. § 5041, requires the consent of a majority of the resident tax-payers of a school-district to its division into two or more districts, and, in case of the consolidation of two or more districts into one, the consent of a majority of the resident tax-payers of each district is required.
2. The words "dissolve" and "disband" are of similar import, and a vote taken to *disband* a school-district is supported by a notice of a meeting to be held to vote upon a proposition to *dissolve* the district.
3. A resident tax-payer of a school-district which the township board of school inspectors, acting without jurisdiction, have attempted to divide into other districts, may file a bill to restrain the sale of the school-house and other property of the original district.
4. In this case it is held that the consent of a majority of the resident tax-payers of the district was not obtained to its destruction by division, and the action of the school inspectors is decreed to be null and void.

Appeal from Livingston. (Newton, J.) Argued June 8, 1888. Decided June 22, 1888.

Bill to restrain the sale of school-district property. Complainant appeals. Decree dismissing bill reversed, and one entered granting relief prayed for. The facts are stated in the opinion.

*B. T. O. Clark* and *L. S. Montague,* for complainant.

*D. Shields,* for defendants.

[The decision upon the points decided is so conclusive

that a summary of the briefs of counsel is omitted.—
REPORTER.]

MORSE, J.   The complainant is a resident and tax-payer
of fractional school district No. 6 and 7 of the townships
of Brighton and Green Oak, and files his bill against the
school inspectors of Green Oak, in which township the
school-house of said district is located, to restrain them
from selling the said school-house and the school-site,
and also the wood and furniture, belonging to said dis-
trict.   The property had been advertised for sale by said
inspectors, who claim that the school-district has been
disbanded and destroyed by the vote of the electors of the
district, and the action of the joint boards of school
inspectors of the two townships.   It appears from the
record that, pursuant to a notice for a special school-dis-
trict meeting to vote upon a proposition to "dissolve"
the district, and attach its territory to surrounding dis-
tricts, the electors of the district met on May 10, 1887,
and voted by ballot, 18 to 9, to "disband" the district.
June 7, 1887, the boards of school inspectors of Brighton
and Green Oak met, and upon a petition presented for
that purpose, and upon the reading of the minutes of the
school-district meeting, showing the vote as aforesaid,
resolved to grant the request of said petitioners, and attach
the property of said district, after giving notice of a meet-
ing to be held for that purpose, to several other districts.
The boards again met in joint session, June 30, 1887, and
proceeded to divide up the territory of the district, and
attach it to five other districts in Green Oak and Brighton.

The complainant alleges that this action was illegal
and unauthorized, and that the district, in law, still exists
the same as if no action looking to its dissolution had
ever been taken.   His averments to support his claim of
illegality are:

1. That the school-district meeting was held without authority of law; that the electors at such meeting had no authority to *disband* said district; and that at said meeting many persons voted upon the motion to disband who were not resident tax-payers of the district; and that the vote was taken without proper or legal form, and that two ballots were taken, the results of said ballots materially differing.

2. That the boards of school inspectors had no authority to disband said school-district without the consent of a majority of the resident tax-payers of the school-district, which they did not have; and that the apportionment of the territory to the other school-districts was without the consent of a majority of the resident tax-payers of said school-districts, and therefore null and void.

The defendants in their answer defend their proposed selling of the property, upon the ground that their action in detaching the lands comprising said school-district, and attaching the same to other districts, was legal and proper, and that the consent of the tax-payers of that district, or any of the districts, was not necessary, but deny that a majority of the resident tax-payers of the disbanded district did not consent. They admit that they are proceeding to sell said school-site, school-house, and other school property, and claim that they have the right to do so, because of the legal dissolution of the said district.

A demurrer clause is contained in the answer, and they claim the benefit of this defense as if they had demurred to the bill. The demurrer is general, and denies that a case has been made by the bill. Upon hearing on pleadings and proofs, the court below dismissed complainant's bill. He appeals to this Court.

The power of the boards of school inspectors to destroy this district, by dividing it into two or more districts, is found in the statute. See How. Stat. §§ 5033, 5041. In such case the board of school inspectors cannot act

without the consent of a majority of the resident tax-payers of the district, nor can two or more districts be consolidated into one without the consent of a majority of the resident tax-payers of each district to be so consolidated. Id. § 5041. The school inspectors have power to alter boundaries of districts, and attach or detach persons, or the property of any person or persons, to or from any district; but no power is anywhere granted them to disband, dissolve, or destroy a district save as restricted under section 5041, above referred to. As intimated in *Doxey v. Inspectors*, 67 Mich. 601, 604 (35 N. W. Rep. 170, 172), the school inspectors have no authority to divide up the district, and destroy it, without the consent of a majority of the resident tax-payers; nor can they destroy it by cutting it up into pieces, as in this case, and attaching all the territory to other districts, without such consent.

The complainant claims that the action of the school-district in voting to " disband " the district was illegal, because there was no proper notice given and posted of such meeting. We think the words " dissolve " and " disband " are of similar import, and that a vote taken to disband is supported by a notice of a meeting to be held to vote upon a proposition to dissolve the district.

But we are satisfied of the truth of the allegation, in the bill of complaint, that the consent of a majority of the resident tax-payers to the dissolution of the district was not obtained. At the school meeting a list of the persons voting was kept. The vote was by ballot. There were 27 votes cast in all; 18 for the proposition to disband, and 9 against it. Every person present who had any of the qualifications of a voter at any school meeting, as named in the school laws, seems to have voted, without reference to sex, or whether he or she was a tax-payer resident in the district. Eleven women voted.

From 10 to 15 persons who were not resident tax-payers voted, and most of them voted for the proposition to disband. Some of the legal voters of the district were not present, and some went away without voting. It is plain to us that the consent of a majority of the resident tax-payers of the district to this destruction of the district has never been obtained. In view of this fact, it is not necessary to determine whether proper notices were given and posted of the meetings, or whether, under our Constitution as it now is, women could legally vote at the school meeting.[1]

We have no doubt of the right of the complainant to file this bill. The action of the school inspectors was void, and entirely without jurisdiction, and they were proceeding to sell the property of the district without authority. The complainant is a resident tax-payer of the district, and interested in such property; and, if the school inspectors are permitted to take this last step in the destruction of the district, the mischief and damage to him may be irreparable.

The decree of the court below dismissing the bill will be reversed, and a decree granted complainant in this Court restoring said district, and declaring the proceedings of the said inspectors to dissolve or disband said district null and void, and perpetually restraining them from selling any of said district property under or by virtue of such proceedings, or any other, save those that may be legally taken hereafter to that end. Costs of both courts to complainant.

The other Justices concurred.

---

[1] See *Belles v. Burr*, 76 Mich. 1, as to right of women to vote at school-meetings.