SMELSER *v.* BOARD OF SCHOOL INSPECTORS OF TOWNSHIP
OF BIG PRAIRIE.

1. SCHOOLS AND SCHOOL DISTRICTS — CREATING NEW DISTRICT—
   NOTICE—BOARD OF INSPECTORS—RETURN TO CERTIORARI.

   Where a board of school inspectors, by a vote of two for and
   one against, created a new school district, which action is
   sought to be reviewed on *certiorari,* the return of the clerk
   and one inspector that due notice was given, and that proof
   of posting the notices was on file with the clerk when the
   action was taken, must be taken as the return of the board,
   though contradicted by a separate return of the third member.

2. SAME.

   The facts in regard to the notices and proof of posting are
   sufficiently established if set out in the return of the board,
   though not appearing in the clerk's minutes of the pro-
   ceedings.

3. SAME—PROCEDURE.

   The action of school inspectors in detaching territory from two
   school districts and forming a new district by one and the
   same motion, after parties interested have had ample oppor-
   tunity to be heard on both questions, is valid.

Error to Newaygo; Palmer, J.   Submitted November
13, 1900.   Decided February 12, 1901.

*Certiorari* by Joseph Smelser and others to review the
action of the board of school inspectors of the township of
Big Prairie in creating a school district.   From an order
quashing the proceedings, respondent brings error.   Re-
versed.

*John Harwood (George Luton,* of counsel), for appel-
lant.

*Joseph Barton,* for appellees.

LONG, J.   On November 16, 1899, 32 taxpayers of
school districts Nos. 2 and 3 of the township of Big Prai-

rie presented a petition to the board of school inspectors of said township, asking them to alter and change the boundaries of said districts so as to make three districts, to be numbered 2, 3, and 4. The board met in pursuance of a notice given, and granted the prayer of the petition. The action of the board was removed to the circuit court of Newaygo county by writ of *certiorari*, where the proceedings of the board were quashed. The case comes into this court by writ of error.

All that appears from the records of the school inspectors is as follows:

"Minutes of the meeting of board of school inspectors of the township of Big Prairie, county of Newaygo, State of Michigan:

"Board met at the clerk's office pursuant to call. Present: John E. Webster, William S. Utley, school inspectors, and Charles P. Duston, township clerk. The chairman read a petition to detach the following sections and parts of sections from school district No. 2, to wit: Section 20; east half of section 19; also northeast quarter of northeast quarter of section 29; also northwest quarter of northwest quarter, and also east half of the northwest quarter, also southwest quarter of northeast quarter, also lots Nos. 5 and 6 of section 28; all of section 21 on west side of Muskegon river, except lot No. 1; also lots Nos. 7 and 8 of section 22; also lot No. 3 of section 27,—all of school district No. 2, be joined with the west half of section 16, and all of section 17 except the northwest quarter of the northeast quarter, the north half of the northwest quarter, and sixteen acres on the west side of the southwest quarter of the northwest quarter, of school district No. 3, to form school district No. 4; and the ballot, being taken, resulted as follows: Two in favor of granting the prayer of petitioners, and one against, and it was declared carried."

The record does not show the grounds upon which the circuit judge vacated the order made by the school inspectors. The affidavit upon which the writ of *certiorari* was issued in the court below sets up the petition made to the school inspectors, and the action of the board thereon, and assigns as error:

1. That there is nothing in the record to show the posting of the notices required by law to give authority for holding such meeting.

2. That there is nothing in the record to show the proof of posting said·notices prior to said action of said board.

3. That the action of said board of school inspectors in undertaking to detach from one or more districts and adding to or combining to form another district, being done by one and the same motion or resolution, is void.

4. That there is nothing in the record to show the consideration of a certain remonstrance signed by residents and freeholders of said districts, and filed with said board prior to said action.

5. That said action of said board was prejudiced, and, by reason of such prejudice, was wrong, and not for the best interests of said district or districts.

In the return made by the board it is certified by the clerk that on the 20th day of November he posted up three notices in three public places in the township of Big Prairie. The affidavit for the writ of *certiorari* sets out the notice for the meeting of the board, in which it is stated that on the 2d day of December, 1899, at the hour of 2 o'clock in the afternoon, the board of school inspectors would meet at the office of the township clerk for the purpose of considering a petition, signed by Mary French and 31 other resident taxpayers, to detach from school districts Nos. 2 and 3 certain territory therein named, to form school district No. 4. The affidavit of the township clerk also states that he posted one of these notices on the school door of district No. 2, and one on the school door of district No. 3; and the return shows that he posted one on the post-office door, which was situate within the boundaries of school district No. 4 as formed at said meeting. The clerk of the board and Mr. Webster, one of the school inspectors, make return that they know of the posting of the notices, and that proof of posting said notices was on file in the clerk's office at the time of said meeting of the board of inspectors when it was in session on December 2, 1899. Mr. Utley makes another return, under oath, that the return of the other two

inspectors is untrue, in stating that the notices and proof of posting the same were before the board at its meeting. He states further that there was no notice or copy thereof, nor proof of posting, before the board at the time of the meeting, of which he (Utley) had any knowledge.

The return of one inspector and the township clerk we think must be taken as the return of the board.. It is apparent that Mr. Utley refused to vote with the other two on the action taken, but voted against the formation of the new district. Taking the return of one inspector and the township clerk as true, it appears that, at the time of the meeting held on December 2d, the notice had been given, and that due proof of posting of the same, as required by the statute, was on file in the clerk's office. This was the 10-days notice the statute requires (2 Comp. Laws 1897, § 4653) which provides that:

"Whenever the board of school inspectors shall contemplate an alteration of the boundaries of a district, the township clerk * * * shall give at least ten days' notice of the time and place of the meeting of the inspectors, and the alteration proposed, by posting such notice in three public places in the township, * * * one of which notices shall be in each of the districts that may be affected by such alteration," etc.

According to the return of the clerk and inspector Webster, this statute was complied with. The first and second objections of relators, therefore, have no force.

The third objection, that the rights of the parties were injuriously affected by the detaching of territory from each of these districts and the formation of the fourth by one and the same motion, cannot be sustained. A remonstrance had been presented by a large number of taxpayers of the two districts. The persons remonstrating had an opportunity to be heard upon both the detaching of territory and the formation of the new district. A somewhat similar question was raised in *Doxey* v. *School Inspectors*, 67 Mich. 601 (35 N. W. 170). In that case the board of school inspectors met under one notice and at

one meeting, but by separate action detached lands from separate school districts and attached them to another district.    It was said by the court:

"In·relation to this last objection, it appears that the board voted separately upon the question of detaching the territory from each district, and those present had ample opportunity of being heard upon each proposition.    There was no such connection between the two hearings, or the action upon the proposed detachments of territory, as to lead to any confusion or prejudice to the rights of those interested."

In the present case the proceedings were declared carried in one motion, but we are unable to see how this in any way prevented the parties from being heard on both questions.

The fifth objection has no force.

The order made by the circuit judge setting aside the proceedings of the inspectors must be reversed.

The other Justices concurred.