COUNCIL OF THE CITY OF SAGINAW *v.* SAGINAW POLICE-
MEN AND FIREMEN RETIREMENT SYSTEM TRUSTEES.

1. TAXATION—PROPERTY—LIMIT ON RATE—HOME-RULE CITIES—
   CHARTERS.
   > While the 15-mill amendment to the Constitution limiting rate
   > of taxation on property applies to home-rule cities, it does
   > not apply to such cities as come within an exception to such
   > amendment when increase of limitation on property is pro-
   > vided for by charter (Const. 1908, art. 10, § 21, as added
   > in 1932).

2. SAME—PROPERTY—INCREASE OF RATE—HOME-RULE CITIES—
   CHARTERS—STATUTES.
   > An increase in amount which may be assessed against property
   > located within home-rule cities can be achieved by legisla-
   > tive enactment which is to be read into the charter, as well as
   > by a charter provision adopted by the city's electors (Const.
   > 1908, art. 10, § 21, as added in 1932).

3. SAME—PROPERTY—INCREASE OF RATE—MUNICIPAL CORPORATIONS
   —CHARTERS.
   > When the 15-mill tax limitation, as provided by amendment to
   > the Constitution, is increased by way of a charter provision
   > of a municipal corporation, such increase is accomplished by
   > the express method therein prescribed (Const. 1908, art. 10,
   > § 21, as added in 1932).

4. CONSTITUTIONAL LAW—PRESUMPTION AS TO KNOWLEDGE OF EX-
   ISTING LAW.
   > The framers of a Constitution are presumed to have a knowl-
   > edge of existing laws and to act in reference to that knowl-
   > edge.

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am. Jur., Taxation, § 140.
[2, 3] 38 Am. Jur., Municipal Corporations, § 414.
[4–7] 11 Am. Jur., Constitutional Law, § 39.
[9] 14 Am. Jur., Costs, § 36.

5. Same—Amendment—Knowledge of Existing Conditions.

In drafting an amendment to a Constitution, as well as in its adoption, the people are presumed to be mindful of existing conditions and to have sought so to frame the amendment as to be in accord therewith.

6. Same—Existing Law—Presumptions.

A constitutional provision must be presumed to have been framed and adopted in the light and understanding of prior and existing law and with reference thereto.

7. Same—Adoption of Amendment—Tax-Limitation—Municipal Corporations—Charters—Statutes.

In adopting the amendment to the Constitution providing for a 15-mill tax-limitation which might be increased by charter provision, it must be assumed that the people were conversant with the established law of the State that charter provisions of municipal corporations come into being by legislative enactment as well as by adoption by local electors (Const. 1908, art. 10, § 21, as added in 1932).

8. Municipal Corporations—Taxation—Payment of Bonds—Rate of Taxation—Statutes.

Home-rule city whose charter contained a 15-mill limitation upon property taxes was entitled to levy taxes for payment of bonds, other than refunding bonds, pledging the full faith and credit of the city for the payment without such limit, where statute authorized payment of any bonds irrespective of statutory or charter tax limitation (Const. 1908, art. 10, § 21, as added in 1932; Act No. 202, chap. 7, § 1a, Pub. Acts 1943, as added by Act No. 300, Pub. Acts 1945).

9. Costs—Public Question—Home-Rule Cities—Payment of Bonds.

No costs are awarded in suit to determine power of home-rule city to levy tax for payment of bonds beyond the 15-mill limitation, a public question being involved (Const. 1908, art. 10, § 21, as added in 1932; Act No. 202, chap. 7, § 1a, Pub. Acts 1943, as added by Act No. 300, Pub. Acts 1945).

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted April 13, 1948. (Docket No. 51, Calendar No. 44,051.) Decided June 14, 1948.

Bill by the Council of the City of Saginaw against the Board of Trustees of the Policemen and Firemen

Retirement System of the City of Saginaw for decree determining that the 15-mill limitation does not apply to taxes raised for purpose of paying bonds. Decree for plaintiff. Defendant appeals. Affirmed.

*W. Vincent Nash* (*Claude H. Stevens,* of counsel), for plaintiff.

*Russell A. Schafer,* for defendant.

*George R. Sidwell,* for Michigan Real Estate Association, *amicus curiae.*

Dethmers, J. "Does the city of Saginaw, a so-called 15-mill tax city, have the power to levy taxes without limit as to rate or amount for the payment of bonds, other than refunding bonds, which pledge the full faith and credit of the city for the payment thereof?" From decree holding in the affirmative, defendant appeals.

The so-called 15-mill tax amendment, Constitution 1908, art. 10, § 21, adopted November 8, 1932, reads as follows:

"The total amount of taxes assessed against property for all purposes in any one year shall not exceed one and one-half per cent. of the assessed valuation of said property, except taxes levied for the payment of interest and principal on obligations heretofore incurred, which sums shall be separately assessed in all cases: Provided, That *this limitation may be increased* for a period of not to exceed five years at any one time, to not more than a total of five per cent. of the assessed valuation, by a two-thirds vote of the electors of any assessing district, or *when provided for by the charter* of a municipal corporation."

Saginaw is a home-rule city. Its charter contains the following:

"Sec. 45. The council shall, by resolution, determine and adopt the budget and make the appropriations for the next fiscal year and shall provide, by resolution, for a tax levy of the amount necessary to be raised by taxation, which shall not exceed 1½ per cent. of the assessed value of all real and personal property subject to taxation in the city, in conformity with and subject to section 21, article 10, of the Constitution of Michigan and the State law pertaining thereto."

Act No. 202, chap. 7, § 1a, Pub. Acts 1943, as added by Act No. 300, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 2689–91a, Stat. Ann. 1947 Cum. Supp. § 5.3188 [45a], provides in part as follows:

"Sec. 1a. Whenever any municipality shall have outstanding any bonds, refunding bonds, notes or certificates of indebtedness payable from taxes, it shall be the duty of every officer or official body charged with any duty in connection with the determination of the amount of taxes to be raised or with the levying of such taxes, to include in the amount of taxes levied each year:

"(a) An amount such that the estimated collections therefrom will be sufficient to promptly pay when due the interest on all such obligations and that portion of the principal thereof falling due before the time of the following year's tax collection;
* * *

"No limitation in any statute or charter shall prevent the levy and collection of the full amount of taxes required by this section for the payment of debts, but nothing herein shall authorize the levy of a tax for any other purpose exceeding the existing statutory or charter tax limitation."

In *City of Hazel Park* v. *Municipal Finance Commission,* 317 Mich. 582, we held that although Hazel Park's city charter provides for a 15-mill tax limitation for city purposes and for 3 additional mills for payment of certain bonds, nevertheless the above

statutory provision must be read into that city's charter and that, in consequence, taxes shall be levied to pay bonds as due without regard to other statutory or charter rate limitations.

In the instant case the trial court took the position that the decision in *City of Hazel Park* v. *Municipal Finance Commission, supra,* is controlling and, therefore, held that the above statutory provision must be read into the Saginaw city charter; that when so read the charter provides for an increase, for a specific purpose only, of the 15-mill limitation fixed by the constitutional amendment (article 10, § 21), thus removing the city from the amendment's 15-mill limitation and bringing it within the third exception noted in that amendment; that, therefore, the city has the power to levy taxes for payment of the bonds without limit as to rate or amount.

Defendant contends, and is therein supported by brief filed in behalf of the Michigan Real Estate Association, *amicus curiae,* that the limitation upon taxation found in section 45 of the Saginaw city charter is not merely a charter limitation but is a constitutional limitation imposed by article 10, § 21, and that, being a constitutional limitation, it cannot be contravened by legislative enactment; that decision in *City of Hazel Park* v. *Municipal Finance Commission, supra,* is inapplicable because Hazel Park was not a 15-mill city and its tax limitation was, therefore, not a constitutional limitation but a charter limitation, subject to legislative change or control.

It is to be conceded that the opposing parties in the case at bar find support for their respective positions in language from our previous opinions. It is true that in *School District of City of Pontiac* v. *City of Pontiac,* 262 Mich. 338, we said that the constitutional amendment applies the general 15-mill limitation to all taxing districts except those munici-

pal corporations wherein by local action a higher percentage of taxation for local needs is expressly authorized; that in *City of Pontiac* v. *Simonton,* 271 Mich. 647, we said that Pontiac's charter amendment placed that city within the operation of the 15-mill amendment to the Constitution; that in *Simonton* v. *City of Pontiac,* 268 Mich. 11, we said that the 15-mill amendment to the Constitution does not include home-rule cities within its scope. However, apparent differences in language employed in this Court's opinions were thoroughly considered and resolved in *City of Hazel Park* v. *Municipal Finance Commission, supra,* and the applicability of the 15-mill amendment to home-rule cities carefully defined. In that case we said that the constitutional amendment does apply to home-rule cities but that the amendment's 15-mill limitation does not apply to cities which come within the third exception noted in the amendment, namely, cities in which the charter increases the constitutional amendment's 15-mill limitation. Furthermore, we held that such increase can be achieved by legislative enactment which is to be read into the charter, as well as by a charter provision adopted by the city's electors.

When the 15-mill limitation of article 10, § 21, has been increased by charter provision of a municipal corporation, such increase is not, as suggested by defendant, in contravention of the constitutional amendment, but, on the contrary, in strict accord therewith because it has been accomplished by the express method therein prescribed. This case resolves itself, then, into the single question, how may such provision be inserted into the charter of a municipal corporation? The amendment does not prohibit its being done in like manner as in the case of other charter provisions. There is nothing in the language of the amendment to suggest that the increase of its limitation by charter provision may be

effectuated only by vote of the local electors and not by legislative enactment.

*City of Hazel Park* v. *Municipal Finance Commission, supra,* announced no new doctrine in holding that applicable general laws of the State must be read into the charters of municipal corporations. See *City Commission of City of Jackson* v. *Vedder,* 209 Mich. 291; *Harsha* v. *City of Detroit,* 261 Mich. 586 (90 A. L. R. 853); *Simonton* v. *City of Pontiac, supra; Callaghan* v. *City of Berkley,* 307 Mich. 701; *City of Jackson* v. *Consumers Power Co.,* 312 Mich. 437 (62 P. U. R. [N. S.] 48). This doctrine antedated the adoption of article 10, § 21. In *City of Detroit* v. *Chapin,* 108 Mich. 136 (37 L. R. A. 391), we quoted with approval from *People, ex rel. Hughes,* v. *May,* 3 Mich. 598, 610, the following:

" ' "The framers of a Constitution are presumed to have a knowledge of existing laws, * * * and to act in reference to that knowledge." ' "

And in *School District of City of Pontiac* v. *City of Pontiac, supra,* p. 348, we said:

"In drafting the amendment, as well as in its adoption, the people were mindful of existing conditions and sought to so frame the amendment as to be in accord with such existing conditions."

In 11 Am. Jur. § 63, pp. 676, 677, appears the following:

"A constitutional provision must be presumed to have been framed and adopted in the light and understanding of prior and existing law and with reference to them."

It must be assumed that the people, in adopting a constitutional amendment providing for a 15-mill tax limitation which might be increased by charter provision, were conversant with and had in mind

the fact that it then was, as it now is, the established law in Michigan that charter provisions of municipal corporations come into being by legislative enactment as well as adoption by local electors. Hence, our decision in *City of Hazel Park* v. *Municipal Finance Commission, supra,* which is controlling here.

Decree affirmed, without costs, a public question being involved.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.