# OCTOBER TERM, 1954.*

IRA SCHOOL DISTRICT NO. 1 FRACTIONAL *v.* CHESTER-
FIELD SCHOOL DISTRICT NO. 2 FRACTIONAL.

1. SCHOOLS AND SCHOOL DISTRICTS—COUNTY BOARD OF EDUCATION—
   ALTERATION OF DISTRICTS—CONSENT VOTE.
      The county board of education may detach property of any
      person or persons from one district and attach it to another,
      without submitting the matter to a consent vote of the quali-
      fied school electors of the districts affected (CL 1948, §§ 353.1,
      388.171–388.187).

2. SAME—LEGISLATIVE CONTROL.
      School matters are subject to the control of the legislature and
      are matters of State concern, to be administered pursuant to
      statute by local State agencies independent of the local gov-
      ernment of municipalities in which the schools are situated.

3. SAME—DETACHMENT OF DISTRICTS—COUNTY BOARD OF EDUCATION.
      Detachment from plaintiff primary school district whereby terri-
      tory in which 70% of the assessed valuation was taken there-
      from and annexed by county board of education to a defendant
      rural agricultural school district and which left plaintiff
      with 60% of its former school student population *held*, within
      power of county board of education to effect without the con-
      sent of the school electors in districts affected (CL 1948,
      §§ 353.1, 388.171–388.187).

4. COSTS—PUBLIC QUESTION—DIVISION OF SCHOOL DISTRICTS—CON-
   STRUCTION OF STATUTES.
      No costs are allowed in suit to enjoin detachment of territory
      from plaintiff school district and which involves the construc-
      tion of a statute, a public question being involved (CL 1948,
      §§ 353.1, 388.171–388.187).

   BUTZEL, C. J., and CARR and BOYLES, JJ., dissenting.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 47 Am Jur, Schools §§ 18, 19.
[1–3] Discretion of administrative officers as to changing bound-
   aries of school district. 65 ALR 1523; 135 ALR 1096.
[4] 14 Am Jur, Costs § 91.

˙Appeal from St. Clair; Simpson (John), J., presiding. Submitted April 9, 1954. (Docket No. 50, Calendar No. 46,111.) Decided June 7, 1954. Amended opinion filed on rehearing October 14, 1954.

Bill by Ira School District No. 1 (Bloom School District) and others against Chesterfield School District No. 2 (Anchor Bay Rural Agricultural School), St. Clair County Board of Education, Macomb County Board of Education, and City Commission of New Baltimore, to restrain transfer of properties from plaintiff district. Dismissed on motion. Plaintiffs appeal. Affirmed.

*Clark C. Seely, John C. Kane* and *Harry S. Toy,* for plaintiffs.

*Walsh, Walsh, O'Sullivan, Stommel & Sharp,* for defendant Chesterfield School District No. 2.

*Kenneth W. Hill,* for defendant City Council of New Baltimore.

*Alfred A. Blomberg,* for defendant Macomb County Board of Education.

*Bush & Bradt,* for defendant St. Clair County Board of Education.

BOYLES, J. (*dissenting*). The question here for determination is whether a part of the property of a primary school district may be detached therefrom and annexed to a rural agricultural school district in a city of less than 10,000 population without the consent of a majority of the qualified school electors in the primary school district, voting in an election for that purpose.

The plaintiff primary school district in St. Clair county and 5 individuals filed a bill of complaint in the St. Clair circuit court seeking an injunction to prevent the defendants from consummating a proposal to detach part of the property in the plaintiff school district and annex it to the defendant rural agricultural school district, without the approval of the qualified school electors in the plaintiff district; and to declare that the action taken by the defendants for that purpose be held for naught. The defendants separately moved to dismiss the bill, mainly on the ground that the school laws do not require the approval of the school electors of the plaintiff district; that the defendants could accomplish such transfer without such approval. The circuit judge heard the motions, agreed with the defendants and dismissed the bill of complaint. Plaintiffs appeal. Under the circumstances, well-pleaded material allegations in the bill of complaint must be taken as true.

Plaintiff is a primary school district in Ira township, St. Clair county, which county is a county school district having a county board of education under the provisions of PA 1935, No 117 (CL 1948, §§ 388.171–388.187), as last amended by PA 1953, No 113 (Stat Ann 1953 Rev and Stat Ann 1953 Cum Supp §§ 15.161–15.172[5]). Section 7 of this act (CL 1948, § 388.177, as amended by PA 1953, No 113 [Stat Ann 1953 Cum Supp § 15.167]) provides that the powers and duties of a county board of education shall be, *inter alia:*

"(b) To have all of the authority and powers and duties given to township boards by the school code, with respect to the organization of school districts and the alterations of boundary lines of school districts. In all counties within the scope of this act the authority of township boards to organize school districts and to alter the boundaries thereof is hereby terminated."

The above provision must be kept in mind here, in view of the fact that provisions in the school code* which are referred to in this opinion declare certain powers and duties given to township boards by the school code. "Township board" must be read as meaning "county board of education."

The defendant school district is a rural agricultural school district of Macomb and St. Clair counties. It includes in whole or in part the city of New Baltimore in Macomb county, which has a city commission form of government, and which city has a population of less than 10,000. The other defendants are the St. Clair county board of education, the city commission of New Baltimore, and the Macomb county board of education. Macomb county also is a county school district, having a county board of education, under the provisions of PA 1935, No 117, as amended, above referred to.

The defendants, assuming to act pursuant to the provisions of section 13, chapter 3, part 2, of the school code, as last amended by PA 1947, No 332 (CL 1948, § 353.13 [Stat Ann 1953 Rev § 15.419]), met in New Baltimore and took action to detach certain described property from the plaintiff district and annex it to the defendant rural agricultural school district. The territory to be thus transferred included several subdivisions in the plaintiff school district, comprising 70% of the assessed valuation of the property in the district taxable for school purposes, leaving 60% of the school students in the remaining part of the plaintiff district. The bill alleges that the plaintiff district was opposed to the change, that a vote had been taken therein with regard to annexation resulting in 205 electors opposed to the change and 60 supporting it; that the change would destroy the plaintiff district, and that if the

* PA 1927, No 319, as amended (CL 1948, § 341.1 *et seq.*, as amended [Stat Ann 1953 Rev and Stat Ann 1953 Cum Supp § 15.1 *et seq.*]).

school law should be construed as claimed by defendants, for such annexation without the consent of the school electors in plaintiff district, the section relied on by defendants should be declared unconstitutional.

In the school code, the heads and subtitles of the sections here involved were enacted by the legislature and hence are a part of the act. *School District of the City of Birmingham* v. *School District No. 2, Fractional, of the Township of Bloomfield and City of Bloomfield Hills,* 318 Mich 363, 370. Chapter 3, part 2, is titled, "Alteration and consolidation of districts." It is a comprehensive chapter embracing many circumstances under which various districts may be divided, consolidated, property detached from one district and added to another. It applies to township, primary, graded, county and rural agricultural school districts, and to the detachment, consolidation, annexation and division of territory therein. Said chapter further relates to the taxable property, assumption of indebtedness, and division of assets and liabilities, in different school districts, where their division, annexation or consolidation is provided for.

Section 13 of this chapter (CL 1948, § 353.13 [Stat Ann 1953 Rev § 15.419]), on which defendants rely, provides for change in, or establishment of, boundaries in "districts composed in whole or in part of a city of less than 10,000." It applies to the defendant rural agricultural school district. The part material to the present question reads as follows:

"Whenever a change in, or the establishment of, the boundaries of a school district composed in whole or in part of a city having a population of less than 10,000, which such city lies wholly or partially within the boundaries of such school district, is desired or becomes necessary,  *  *  *  such change or establishment shall be made by the joint action of the

board of education of such district, the township. board of the township in which the territory may be located, or the township boards if the territory affected is located in more than 1 township, adjoining such district and the city governing body."

Said section does not stand alone. In express terms, it refers only to a change in, or the establishment of, the boundaries in such a school district. However, it is obvious that such a change in boundaries would have to involve either the detachment of some of its territory for annexation to another district, or the annexation to it of territory from another district. It is significant that said section 13 is silent as to whether the detachment of territory from another district for annexation to it, or vice versa, may be consummated by the defendants without the consent or approval of the qualified school electors of the other district involved. Such provision, if any, must be found in some other part of said chapter 3. If such a provision occurs, and it can be said to apply to section 13, it must be read into it.

Circumstances comparable to the situation here before us occurred in *Simpkins* v. *Ward,* 45 Mich 559, where township school inspectors attempted to enlarge a graded school district by adding certain territory without considering the import of an earlier statute which might apply. The Court held that the 2 statutes were *in pari materia,* must be constructed together, that the earlier statute applied, and that it controlled.

To the same effect, see *Remus* v. *City of Grand Rapids,* 274 Mich 577; *In re Meredith's Estate,* 279 Mich 298.

Plaintiff is a school district, "the territory of which does not lie wholly or partly within a city." Consequently, the plaintiff school district comes within the heading and purview of section 1 of said

chapter 3 (CL 1948, § 353.1 [Stat Ann 1953 Rev § 15.407]), the material part of which is as follows:

"A township board may in its discretion detach the property of any person or persons from 1 district and attach it to another, or divide or consolidate districts: Provided, however, That * * * no district shall be divided into 2 or more districts without the consent of the majority of the qualified school electors of said district present and voting at a meeting called for such purpose."

In the instant case, it is proposed to divide the plaintiff school district into 2 parts. That part of its territory comprising 70% of the assessed valuation of the property in the district is to be annexed to the defendant rural agricultural school district. The other part, consisting of only 30% of its taxable assessed valuation, with 60% of its school student population, is to remain and constitute its district thereafter. This is more than merely detaching "the property of any person or persons from 1 district and attach(ing) it to another." It is a division of the property of the plaintiff school district, one part to remain in and constitute the district, the other to become a part of the defendant school district. It is an alteration of the plaintiff school district and a division of said district which said section 1 declares shall not be done without the consent of the majority of the qualified school electors of said district present and voting at a meeting called for such purpose.

Section 2 of said chapter 3 declares that whenever the township board (now county board of education) shall contemplate an alteration of the boundaries of a district, notices must be given of the time and place of such meeting and of the alteration proposed. In sequence, this follows section 1, above

quoted, and includes notice to be given of any action taken by the township board under section 1.

In *Genoa School District No. 3* v. *Brighton Area School District,* 336 Mich 575, a situation came before this Court, practically identical with the present case, where it was proposed to change the boundary of a rural agricultural school district by annexing territory from adjoining primary school districts. We there declined to answer the question whether that might be accomplished without the consent of the electors of the primary districts, on the ground that the question had not been raised in the pleadings or sufficiently briefed, and because the case was disposed of on other grounds. However, we there construed the 4 sections of chapter 3, part 2, of the school code here involved, and held that these provisions must be considered together, that the school code must be construed as a whole, that the action taken by the defendant boards to alter the boundaries was void where the notice required by section 2 was not given, and that the defendants would be enjoined from proceeding with the boundary alterations. This being the law, and if section 2 must be read into section 13, requiring giving notice of change or alteration of boundaries as between primary and agricultural school districts, the same rule should apply as between sections 1 and 13, concerning other requirements where the change or alteration in boundaries is under the same circumstances to which the requirement of giving notice applies. Other provisions, which are in section 1, including the requirement of consent by the school electors, should likewise apply to section 13, unless the requirement of giving notice of such proposed changes is a mere nullity. The *Genoa* decision holds that it is not. If, as we there held, the failure to give notice is sufficient to void a change in boundaries as between primary and rural agricultural school

districts, there is like reason for a conclusion that under the same circumstances a change in boundaries requires the consent of the school electors of the primary school district, according to section 1. We are not in accord with the conclusion of the trial court, that the school code, in chapter 3, allows the defendants to divide the plaintiff district as here proposed, and put 70% of the assessed valuation of its property into the defendant district without the consent of the school electors of the plaintiff district.

The defendants-appellees rely on *Doxey* v. *Township Board of School Inspectors of the Township of Martin,* 67 Mich 601, for claiming that here the plaintiff school district is not divided, hence, section 1 of chapter 3 does not apply. In the *Doxey Case* (1887), the school inspectors transferred certain land, including that of Doxey, from district No. 5 to District No. 1. The then statute likewise provided that no district be divided into 2 or more districts without the consent of a majority of the resident taxpayers. The Court said (pp 604, 605):

"The school inspectors in this case did not undertake to divide the districts into 2 or more new districts, or to consolidate No. 5 with No. 1. If they had the power to detach any territory from No. 5 and attach it to No. 1, they had the right to take what they saw fit, unless such action would practically destroy the district. It is not shown that their action on the 21st of May produced any such result. If their proceedings on that day did not destroy the district, but left territory enough for school purposes, it was certainly competent for the board afterwards, with the consent of the remaining resident taxpayers, to consolidate the whole territory left within the district with No. 1, or any other district, if such other district also consented through its resident taxpayers.

"It is not necessary for us to determine here whether they could take such action as to leave only 3 tax-

payers in the district, as the plaintiff in this writ does not complain of such action, and it is doubtful if he could be heard to complain, having before said 1st day of June been lawfully detached from said district No. 5."

The circumstances and the decision there were different from the case at bar, and the holding in the *Doxey Case* does not have any controlling bearing on the issue involved in the present case.

The issue here should not be confused. There is no question here but that school matters are subject to the control of the legislature; nor as to whether the defendant school boards and municipal authority have the power to divide or consolidate school districts. The precise questions here are whether the plaintiff district is being divided, and what are the conditions imposed by the legislature over the exercise of such powers vested by statute in said defendants.

Other questions not raised below, which have been injected into this appeal by one of the appellees who did not cross-appeal, have been considered but do not affect the result. An order should be entered here setting aside the order dismissing the bill of complaint, and remanding the case for further hearing, if considered necessary in view of the conclusions hereinbefore announced. The temporary injunction restraining further action by the defendants to consummate the annexation, until affirmatively approved by a majority of the qualified school electors of the plaintiff school district voting thereon, should be continued in effect until further order, except the mandatory requirement in said injunction directing the defendants to call such an election within 60 days, which should be deleted.

The decree should be reversed and the case remanded. No costs, a public question being involved.

Butzel, C. J., and Carr, J., concurred with Boyles, J.

Sharpe, J. The statute, CL 1948, § 353.1 (Stat Ann 1953 Rev § 15.407), is controlling of the issue in the case at bar:

"A township board may in its discretion detach the property of any person or persons from 1 district and attach it to another, or divide or consolidate districts: Provided, however, That no land which has been taxed for building a schoolhouse shall be set off into another district for the period of 3 years thereafter except by the consent of a 2/3 majority of the resident owners of said land to be set into another district; and no district shall be divided into 2 or more districts without the consent of the majority of the qualified school electors of said district present and voting at a meeting called for such purpose, and 2 or more districts shall not be consolidated without the consent of a majority of the qualified school electors of each district present and voting at a meeting called for that purpose."

I am not in accord with the following as found in the opinion of Mr. Justice Boyles:

"This is more than merely detaching 'the property of any person or persons from 1 district and attach(ing) it to another.' It is a division of the property of the plaintiff school district, one part to remain in and constitute the district, the other to become a part of the defendant school district. It is an alteration of the plaintiff school district and a division of said district which said section 1 declares shall not be done without the consent of the majority of the qualified school electors of said district present and voting at a meeting called for such purpose."

The act in question provides for a consent vote when:

(1) "No land which has been taxed for building a schoolhouse shall be set off into another district for the period of 3 years thereafter except by the consent of a 2/3 majority of the resident owners of said land to be set into another district.

(2) "And no district shall be divided into 2 or more districts without the consent of the majority of the qualified school electors of said district. \* \* \*

(3) "And 2 or more districts shall not be consolidated without the consent of a majority of the qualified school electors of each district."

None of the situations requiring a consent vote is present in the case at bar. The act in question authorizes the county board of education to detach property of any person or persons from one district and attach it to another, divide districts and consolidate districts.

The act does not require a consent vote when property is detached from one district and added to another. It is axiomatic that, under the laws of this State, school matters are subject to the control of the legislature and are matters of State concern. In *MacQueen* v. *Port Huron City Commission,* 194 Mich 328, at page 336, we said:

"Fundamentally, provision for and control of our public school system is a State matter, delegated to and lodged in the State legislature by the Constitution in a separate article entirely distinct from that relating to local government. The general policy of the State has been to retain control of its school system, to be administered throughout the State under State laws by local State agencies organized with plenary powers independent of the local government with which, by location and geographical boundaries, they are necessarily closely associated and to a greater or less extent authorized to cooperate. Education belongs to the State. It is no part of the local self-government inherent in the township or municipal-

ity except so far as the legislature may choose to make it such. * * * The general school laws were carefully planned and enacted to guard that distinction; provision was made for organization of the common school districts, with officers elected at school meetings by electors with defined qualifications, and who as a school board were given large plenary powers and control of school matters, practically independent from the local government of municipalities in which the schools were situated."

In the case at bar the State of Michigan, through its legislature, adopted a statute (CL 1948, §§ 388.-171–388.187, as last amended by PA 1953, No 113 [Stat Ann 1953 Rev and Stat Ann 1953 Cum Supp §§ 15.161–15.172(5)]), granting certain powers to county boards of education. The action taken in the instant case was by virtue of those powers. In view of the fact that the bill of complaint does not allege any other defect in the proceedings other than the alleged noncompliance with CL 1948, § 353.1 (Stat Ann 1953 Rev § 15.407) it is not necessary to discuss other issues.

The order dismissing plaintiffs' bill of complaint is affirmed, but without costs as the construction of a statute is involved.

BUSHNELL, DETHMERS, and KELLY, JJ., concurred with SHARPE, J.

REID, J., took no part in the decision of this case.