HALL *v.* IRA TOWNSHIP.

SEELY *v.* SAME.

COWGILL *v.* SAME.

1. SCHOOLS AND SCHOOL DISTRICTS—MUNICIPAL CORPORATIONS.
    A school district is a municipal corporation within the meaning of the municipal finance act (CL 1948, § 131.2).

2. CONSTITUTIONAL LAW—TAX LIMITATION—INCREASE BY LEGISLATURE.
    An increase of a tax limitation, as imposed by the Constitution, may be effected by legislative enactment and is not limited to being changed by a vote of the local electors (Const 1908, art 10, § 21, as amended).

3. SAME—AMENDMENT—CONSTRUCTION—LAWS EXISTING AT TIME OF ADOPTION.
    The framers of the Constitution and drafters of amendments thereto are presumed to have a knowledge of existing laws at time of adoption thereof.

4. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION—INCREASE OF TAX LIMITATION.
    A portion of a school district, which was duly annexed by compliance with statutory provisions in which the tax limitation had theretofore been increased, was subject to a uniform levy for taxes as imposed upon the entire district, notwithstanding an absence of popular approval of the increase by the voters in the territory annexed (Const 1908, art 10, § 21, as amended; CL 1948 and CLS 1954, § 131.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  47 Am Jur, Schools § 12.
[2]  51 Am Jur, Taxation § 43.
[3]  11 Am Jur, Constitutional Law §§ 35, 36.
[4]  47 Am Jur, Schools § 79.

5. COSTS—PUBLIC QUESTION—TAX LIMITATION INCREASES—ANNEXA-
TION OF SCHOOL DISTRICT.
   No costs are allowed in action by taxpayers to recover portion
   of school district taxes paid under protest representing amount
   over the 15-mill limitation which had been approved by voters
   in the district to which plaintiffs' lands were annexed but which
   increase had not then been approved by the voters in the an-
   nexed portion, a public question being involved (Const 1908,
   art 10, § 21, as amended; CL 1948 and CLS 1954, § 131.1 *et
   seq.*).

Appeal from St. Clair; Black (Eugene F.), J.
Submitted January 9, 1957. (Docket Nos. 29–31,
Calendar Nos. 46,839–46,841.) Decided June 3,
1957.

Action by Thomas Hall and Sophie Hall against
Ira Township, a municipal corporation, to recover
taxes paid under protest following enlargement of a
school district. Similar actions by Clark Seely,
Bernice Seely, Edwin Cowgill and Georgia Cowgill.
Cases combined for trial and appeal. Judgment for
defendant. Plaintiffs appeal. Affirmed.

*Matthews & Nank* and *John C. Kane* (*Reinhardt
A. Nank,* of counsel), for plaintiffs.

*Walsh, O'Sullivan, Stommel & Sharp,* for defend-
ant.

KELLY, J. Plaintiffs endeavored to recover 1954
taxes paid under protest to defendant township, and
appeal from judgment of no cause of action.

The Anchor Bay Rural Agricultural School Dis-
trict voted, in the year 1949, its long-term bond issue
and millage increase to support such issue. Later,
and in conformity with the statutes, the taxable
property of the plaintiffs, and many others, was
added to and became part of such originally consti-

tuted and, hence, enlarged school district. The action of the municipal and school authorities in the enlargement proceedings was upheld by this Court in *Ira School District* v. *Chesterfield School District,* 340 Mich 678.

The defendant township, in charge of the levy and collection of taxes, proceeded to assess all taxable property in the enlarged district for and to the extent of the aforesaid millage increase, despite the fact that the area of which plaintiffs' lands are a part was already assessed and taxed to 1-1/2% of the equalized assessed valuation and, also, the fact that plaintiffs were not property owners of the district when the 1949 vote approving the bond issue and millage increase was held.

The 1954 taxes are the only taxes involved in this appeal because subsequent to the assessment and levy of the 1954 taxes the remaining portion of the primary district involved voluntarily voted to annex to the larger school district and the larger school district, which then included the old primary district and the land of the plaintiffs herein, voted a new bond issue.

Michigan Constitution (1908), art 10, § 21, as amended, reads:

"The total amount of taxes assessed against property for all purposes in any one year shall not exceed 1-1/2% of the assessed valuation of said property, except taxes levied for the payment of interest and principal on obligations heretofore incurred, which sums shall be separately assessed in all cases: Provided, That this limitation may be increased for a period of not to exceed 20 years at any one time, to not more than a total of 5% of the assessed valuation, by a majority vote of the electors of any assessing district, or when provided for by the charter of a municipal corporation: Provided further, That

this limitation shall not apply to taxes levied in the year 1932."

Appellants contend that the above provision of the Constitution is a clear expression by the people that taxes could not be legally levied beyond certain well-defined and stated limits and that only municipal corporations with charter authorization were exempt from constitutional limitation.

A school district is a municipal corporation. *School Disrict No. 4 of the Township of Marathon* v. *Gage,* 39 Mich 484 (33 Am Rep 421); *Attorney General, ex rel. McRae,* v. *Thompson,* 168 Mich 511; *Waterman-Waterbury Co.* v. *School District No. 4 of Cato Township,* 183 Mich 168; *King* v. *School District No. 5,* 261 Mich 605; *Daniels* v. *Board of Education of City of Grand Rapids,* 191 Mich 339 (LRA 1916F, 468), and *Attorney General, ex rel. Kies,* v. *Lowrey,* 131 Mich 639.

The municipal finance act of 1943* includes "school district" within the term "municipality."† Chapter 7, § 1a, of that act provides, in part:

"Whenever any municipality shall have outstanding any bonds, refunding bonds, notes or certificates of indebtedness payable from taxes, it shall be the duty of every officer or official body charged with any duty in connection with the determination of the amount of taxes to be raised or with the levying of such taxes, to include in the amount of taxes levied each year:

"(a) An amount such that the estimated collections therefrom will be sufficient to promptly pay when due the interest on all such obligations and that portion of the principal thereof falling due before the time of the following year's tax collection;
*     *     *

---

* CL 1948 and CLS 1954, § 131.1 *et seq.* (Stat Ann 1949 Rev and Stat Ann 1953 Cum Supp § 5.3188[1] *et seq.*).
† CL 1948, § 131.2 (Stat Ann 1949 Rev § 5.3188[2]).—REPORTER.

"No limitation in any statute or charter shall prevent the levy and collection of the full amount of taxes required by this section for the payment of debts, but nothing herein shall authorize the levy of a tax for any other purpose exceeding the existing statutory or charter tax limitation." CLS 1954, § 137.1a (Stat Ann 1955 Cum Supp § 5.3188[45a]).

*Council of the City of Saginaw* v. *Saginaw Policemen and Firemen Retirement System Trustees,* 321 Mich 641, presented a question as to whether the city of Saginaw, a so-called 15-mill tax city, had the power to levy taxes without limitation as to rate or amount for payment of bonds, other than refunding bonds, which pledged the full faith and credit of the city for the payment thereof. In affirming the trial court's decision that the city had such power, this Court referred to the above-quoted provision of the municipal finance act, and stated (pp 644–648):

"In *City of Hazel Park* v. *Municipal Finance Commission,* 317 Mich 582, we held that although Hazel Park's city charter provides for a 15-mill tax limitation for city purposes and for 3 additional mills for payment of certain bonds, nevertheless the above statutory provision (ch 7, § 1a, as hereinabove set forth*) must be read into that city's charter and that, in consequence, taxes shall be levied to pay bonds as due without regard to other statutory or charter rate limitations. * * *

"When the 15-mill limitation of article 10, § 21, has been increased by charter provision of a municipal corporation, such increase is not, as suggested by defendant, in contravention of the constitutional amendment, but, on the contrary, in strict accord therewith because it has been accomplished by the express method therein prescribed. This case resolves itself, then, into the single question, how may such provision be inserted into the charter of a mu-

---

* The portions quoted in the *Saginaw Case* and the instant case are identical.—Reporter.

nicipal corporation? The amendment does not prohibit its being done in like manner as in the case of other charter provisions. There is nothing in the language of the amendment to suggest that the increase of its limitation by charter provision may be effectuated only by vote of the local electors and not by legislative enactment.  *  *  *

"The framers of a Constitution are presumed to have a knowledge of existing laws, and to act in reference to that knowledge.  *  *  *

" 'In drafting the amendment, as well as in its adoption, the people were mindful of existing conditions and sought to so frame the amendment as to be in accord with such existing conditions.'  *  *  *

" 'A constitutional provision must be presumed to have been framed and adopted in the light and understanding of prior and existing law and with reference to them.'

"It must be assumed that the people, in adopting a constitutional amendment providing for a 15-mill tax limitation which might be increased by charter provision, were conversant with and had in mind the fact that it then was, as it now is, the established law in Michigan that charter provisions of municipal corporations come into being by legislative enactment as well as adoption by local electors. Hence, our decision in *City of Hazel Park* v. *Municipal Finance Commission, supra*, which is controlling here."

We agree with the following statement in the opinion of the trial court:

"The *Hazel Park Case* (317 Mich 582) and the *Saginaw Case* (321 Mich 641) literally compel ruling that the municipal finance act of 1943  *  *  *  is for present purposes a part of the school code and that the legal result here must hence conform to those cases.

"Section 2 of the municipal finance act defines, for its purposes, the word 'municipality' as including a 'school district'. The same sections of the act as were held decisive in Hazel Park and Saginaw must

therefore be held aloft as conclusive evidence that Anchor Bay's statutory charter duly authorized—nay required—uniform levy throughout the enlarged district of the taxes plaintiffs do protest here."

Judgment affirmed. No costs, a public question being involved.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, and CARR, JJ., concurred.

BLACK, J., did not sit.