KENT COUNTY BOARD OF EDUCATION v. KENT COUNTY TAX ALLOCATION BOARD.

1. SCHOOLS AND SCHOOL DISTRICTS—COUNTY DISTRICT—SPECIAL PROGRAM FOR HANDICAPPED CHILDREN—TAXATION.

School electors of county who voted in favor of adopting the portion of school code for providing a special education program for handicapped children, the ballot for which purpose included a limitation on a tax therefor of 1/2 mills *held*, to have thereby voted such tax in addition to the 15 mills otherwise permissible, where statute providing for such special program and its financing specifically stated such tax was not to be allocated within the 15-mill limitation (Const 1908, art 10, § 21, as amended in 1948; PA 1955, No 269, §§ 309–327).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur, Schools § 80.
[3] 35 Am Jur, Mandamus § 393.

2. SAME—CHARTER FOR COUNTY DISTRICT—SPECIAL PROGRAM FOR HANDICAPPED CHILDREN.

Provisions of school code relative to special education program for handicapped children, once adopted on a county-wide basis as provided for therein form the charter of such district as a municipal corporation and thereby superimposed an annual tax therefor in the form of a lawful increase over and above levies for other purposes on the taxable property of the district, not in conflict with the 15-mill tax limitation amendment but pursuant to the exception contained therein (Const 1908, art 10, § 21, as amended in 1948; PA 1955, No 269, §§ 309–327).

3. COSTS—MANDAMUS—SPECIAL PROGRAM FOR HANDICAPPED CHILDREN.

No costs are allowed in mandamus proceeding by county school district to compel county tax allocation board to allocate electorally voted tax for special education program for handicapped children (Const 1908, art 10, § 21, as amended in 1948; PA 1955, No 269, §§ 309–327).

Original mandamus by the Board of Education of the County of Kent, a municipal corporation, and its individual members against the Kent County Tax Allocation Board and its individual members to compel allocation of 1/2-mill tax for special education program. Thomas M. Kavanagh, Attorney General, intervenes as party plaintiff. Submitted November 5, 1957. (Calendar No. 47,569.) Writ granted November 14, 1957. Opinion filed November 26, 1957.

*John F. Livingston,* for plaintiffs.

*Thomas M. Kavanagh,* Attorney General, *Samuel J. Torina,* Solicitor General, *G. Douglas Clapperton* and *Joseph B. Bilitzke,* Assistants Attorney General, for intervening plaintiff.

*Vander Veen, Freihofer, Cook & Bryant (George R. Cook,* of counsel), for defendants.

BLACK, J.   The plaintiff board of education of Kent county seeks our writ of mandamus to compel honor by the defendant Kent county tax allocation board of its first annual special education budget; such budget having been prepared and delivered in pursuance of sections 314 and 315 of the school code of 1955 (PA 1955, No 269 [CLS 1956, §§ 340.314, 340.315, Stat Ann 1955 Cum Supp §§ 15.3314, 15.-3315]). As to such budget the defendant board has refused, and now declines, to act in accordance with the apparent requirements of said section 315. Its reason for such declination will presently appear.

Urgent representations having been made that the processes of special education in Kent county will fail—during the initial year for which the budget was prepared—absent immediate relief by way of our writ,* we issued (October 17, 1957) an order directing that the defendant board show cause why the prayed for writ should not be issued. At the same time and on account of such representations permission was granted for submission of the cause on typewritten pleadings and briefs. These circumstances considered, and the cause having been submitted and assigned here as of November 6, 1957, our opinion of necessity becomes compendious.

A majority of the school electors of the Kent county school district, utilizing the statutory (section 319 [CLS 1956, § 340.319, Stat Ann 1955 Cum Supp § 15.3319]) form of ballot, duly voted—"at the several annual school elections in the constituent school districts"—to "come under" the provisions of "sections 309 to 327, inclusive,†" of the mentioned school code of 1955. The ballot specified, by its proviso, that the annual tax levied for administration

* The need is that of spreading the herein approved special education tax on the respective tax rolls in time for collection commencing December 1st of this year.

† CLS 1956, §§ 340.309-340.327, Stat Ann 1955 Cum Supp §§ 15.-3309-15.3327.—REPORTER.

330 MICHIGAN REPORTS. [Nov.

be limited to "1/2 mill." The plaintiff board thereupon prepared and delivered its special education budget and, when such budget reached the defendant board, the latter rejected it for want of separate elective authorization of the special education tax which, according to the plaintiff board, was ordained at and by the aforesaid several school elections. Such rejection is evidenced in the minutes of meeting of the defendant board, held October 4, 1957, as follows :.

"Mr. Walstrom moved that the allocation board refuse to allocate any tax rate in the Kent county school district for the purposes according to [sections] 309 through 327 of the school code of 1955 as amended until such time as the question of increasing the tax limitation has been submitted to the electors and approved by them, based upon the opinion of the civil counsel. Supported by Mr. DeVries.
"Motion carried by the following vote: Yeas: DeVries, Ulberg, Walstrom and Romyn. Nays: Clark."

The decisive question is whether the school electors, having voted to effectuate the ballot-identified sections of the code and having provided that "any annual property tax levied for administration shall be limited to 1/2 mill," thereby voted legal authorization of an annual tax—in addition to the constitutionally permissible 15 mills—for the purposes of the mentioned sections of the code. To this question we give affirmative answer and refer in support to the key to legislative intent as found in the proviso of said section 315. The proviso reads :

"Provided, That such allocations shall not be made within the 15-mill limitation and may not exceed the limit authorized by the election at which these sections are placed in effect."

The broad and, we think, clear purpose of sections 309 through 327 was that of providing and financing special education for the handicapped (defined in

section 309). So far as concerns this distinct subject of special education, these sections form the statutory charter of each ratifying county school district. By such charter the legislature has provided due and complete procedure by which an annual tax to defray (in whole or in part) the cost of special education may be levied. The Kent school electors having voted affirmatively as noted, the legal result was and is that of charter adoption and due authorization of an annual tax to carry out the purposes of such charter. Such annual tax is superimposed in the form of a lawful "increase," over and above levies for other purposes, on the taxable property of the district.

The so-called 15-mill amendment (Constitution 1908, art 10, § 21, as amended in 1948) is not offended by the conclusion reached here. The legislature has authorized, by this duly-adopted charter of a municipal corporation (*Hall* v. *Ira Township,* 348 Mich 402), that which is expressly excepted from restrictive scope of the amendment. The charter and its procedure, rather than the amendment, ceils and limits the tax which is to be levied for the purposes of sections 309 through 327.

The writ will issue. No costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, and KELLY, JJ., concurred with BLACK, J. CARR, J., concurred in the result.