SCHOOL DISTRICT No. 4 OF THE TOWNSHIP OF MARATHON v.
FRANK W. GAGE.

*Garnishment—School teachers' wages—Holidays.*

A school district is a municipal corporation and cannot be garnished even by its own consent, unless the debtor also consents.

Exemptions from garnishment belong to the person whose debt is garnished rather than to the debtor.

It is against public policy to allow the wages of persons in public employments to be reached by garnishment.

Teaching contracts for stated periods are subject to the observance of recognized holidays, and there should be no deductions for such occasions from the teachers' wages.

Error to Lapeer. Submitted Oct. 17. Decided Oct. 29.

Assumpsit. Defendant brings error.

*Geer & Williams* for plaintiff in error. Where usage does not allow a teacher wages for holidays, and his contract is silent as to them, he will not be allowed pay if he does not teach on the holidays, *Smith v. Wilson*, 3 B. & Ad., 728; *Hinton v. Locke*, 5 Hill, 437; *Ford v. Tirrell*, 9 Gray, 401; *Lowe v. Lehman*, 15 Ohio St., 179; *Walls v. Bailey*, 49 N. Y., 464; *Sewall v. Gibbs*, 1 Hall, 602; 1 Greenl. Ev., § 294; municipal corporations may waive their exemption from garnishment, *Clapp v. Walker*, 25 Ia., 315; Drake on Attachment, (4th ed.) § 516 a; 1 Dillon Mun. Corp., 187 n.

*W. W. & M. N. Stickney* for defendant in error. Municipal corporations cannot be garnished, Comp. L., § 6463; *Hebel v. Amazon Ins. Co.*, 33 Mich., 407; *Wallace v. Lawyer*, 54 Ind., 501: 23 Amer., 661; *Merwin v. Chicago*, 45 Ill., 133; *Chicago v. Hasley*, 25 Ill., 595; school directors are public officers and cannot be adjudged garnishees, Comp. L., § 6503 subd. 2; *Thayer v. Tyler*, 5 Allen, 95; *Colby v. Coates*, 6 Cush., 559; school districts are not subject to garnishment, *Clark v. Mobile School Com'rs*, 36 Ala., 621; a school teacher's salary cannot be garnished, *Hightower v. Slaton*, 54 Ga., 108; *McLellan v. Young*, 54 Ga., 399: 21 Amer., 276; *Hadley v. Peabody*, 13 Gray, 200.

Campbell, C. J. Gage sued for his compensation as teacher in school district No. 4 of Marathon. Two defenses were set up; *first*, of garnishee proceedings in which the district appeared and submitted to garnishment of the money due to Gage; and *second*, that

deduction should be made for holidays when there was no school kept open.

The garnishee statute relating to justices does not allow garnishee proceedings against municipal corporations. Comp. L.; § 6463. A school district is very clearly such a corporation under our laws, as we decided in *Seeley v. Board of Education*, October term, 1876.* There is also a further prohibition against such process against public officers for money due by them officially. § 6503. It is not consistent with public policy to subject the stipends of persons in public employments to be suspended or reached in that way, or to allow public corporations to be brought needlessly into private litigation.

There is no force to the waiver of objection to the jurisdiction. The exemption really belongs to the person whose debt is garnished, and not to the debtor. *Johnson v. Dexter*, 38 Mich., 695. The garnishee cannot without the debtor's consent subject his rights to any unlawful burden.

In regard to deductions for holidays we are of opinion that school management should always conform

---

*EDWIN R. SEELEY v. THE BOARD OF EDUCATION OF THE CITY OF PORT HURON.—Error to St. Clair. Submitted and decided October 25, 1876. .

*Chadwick & Voorheis* for plaintiff in error.

*W. T. Mitchell* for defendant in error.

ASSUMPSIT by Seeley on appeal from the judgment of a justice of the peace in his favor. Defendant had appeared specially before the justice and objected to the jurisdiction on the ground that it was a municipal corporation. The circuit court reversed the judgment on the ground, as appears from the bill of exceptions and assignment of errors, that the defendant was a municipal corporation, and was not brought within the jurisdiction because service of summons was not made upon the proper officer, and was therefore fatally defective. Plaintiff brought error, and on the hearing in the Supreme Court it was claimed that the justice had no jurisdiction because the suit was against a municipal corporation, and the district was peculiarly incorporated and not within the statute which in some cases allows school districts to be sued before justices.

THE SUPREME COURT affirmed the judgment of the Circuit, and held that the defendant was a municipal corporation as a school district, and that it was not within Comp. L., § 3681, which gives to justices jurisdiction in all cases of assumpsit, debt, covenant and trespass on the case against school districts where the amount claimed or the matter in controversy does not exceed $100.

to those decent usages which recognize the propriety of omitting to hold public exercises on recognized holidays; and that it is not lawful to impose forfeitures or deductions for such proper suspension of labor.   Schools should conform to what may fairly be expected of all institutions in civilized communities.   All contracts for teaching during periods mentioned must be construed of necessity as subject to such days of vacation, and public policy as well as usage requires that there should be no penalty laid upon such observances.

The judgment must be affirmed with costs.

The other Justices concurred.