*In re* BOARD OF EDUCATION OF CITY OF DETROIT.

1. EMINENT DOMAIN—RIGHT TO DISCONTINUE BEFORE CONFIRMATION OF VERDICT.
    The Detroit city board of education is a State agency, clothed with power of eminent domain (Act No. 37, Pub. Acts 1925), and as such had a right to discontinue condemnation proceedings as to part of the land any time before confirmation of the verdict of the jury (1 Comp. Laws 1915, § 370).

2. SAME—STATUTES.
    The provision in the statute (1 Comp. Laws 1915, § 370) that condemnation proceedings may not be discontinued after the confirmation of the verdict of the jury, is a clear recognition of the right to discontinue before confirmation.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted April 12, 1928.    (Docket No. 120.)    Decided June 4, 1928.    Rehearing denied July 24, 1928.

[1]Eminent Domain, 20 C. J. § 457; [2]Id., 20 C. J. § 458.

Condemnation proceedings by the board of education of the city of Detroit against B. E. Taylor and others to acquire property for a school site.   From an order denying a motion, before confirmation of the verdict, to discontinue as to certain property, plaintiff appeals. Reversed, and remanded.

*Clarence E. Wilcox,* Corporation Counsel, and *Arthur F. Lederle,* Assistant Corporation Counsel, for plaintiff.

*Campbell, Bulkley & Ledyard (Selden S. Dickinson* and *William B. Cudlip,* of counsel), for defendant Taylor.

WIEST, J.   The Detroit city board of education, acting under power of eminent domain, declared it necessary to enlarge the Vetal school site, and to take, for such purpose, certain private property.   The circuit court for the county of Wayne was petitioned to summon and impanel a jury to pass upon the necessity of the taking and to fix the compensation.   The jury found the necessity and awarded compensation.   Believing the expense, so fixed for taking ten of the lots, not justified, the board filed a discontinuance of the proceeding against such lots, moved the court to allow the discontinuance and permit amendment of the petition and the verdict roll by excision of the rejected lots, and also filed objections to confirmation of the verdict as to such lots.   The court denied the motions and confirmed the verdict.   The board appealed and here contends that petitioner had a right to discontinue the proceeding against part, or all, of the property at any time before confirmation of the verdict and the court erred in denying such right.

The Detroit city board of education is a State agency, clothed with the power of eminent domain (Act No. 37, Pub. Acts 1925).   As such State agency it possessed the power to launch and prosecute the proceeding in court but was without power to discontinue the

same "after the confirmation of the verdict of the jury." ,1 Comp. Laws 1915, § 370.

That statute, in providing that discontinuance may not be made *after* confirmation of the verdict is a clear recognition of the right to discontinue *before* confirmation of the verdict. The limitation in the statute relates to the time for the exercise of a right, and, until the limitation becomes operative by reason of the designated event, the right remains. This enables public agencies to safeguard the public interest by way of not being bound to accept property at a cost not warranted by public need.

The confirmation of the verdict as to the mentioned lots is vacated and the case remanded to the circuit with direction to permit the discontinuance. Petitioner will recover costs of this court against B. E. Taylor.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.