### UNION SCHOOL DISTRICT OF THE CITY OF JACKSON v. STARR COMMONWEALTH FOR BOYS.

1. EMINENT DOMAIN—NONPROFIT CORPORATION.

   Fact that defendant in condemnation proceedings is a private nonprofit corporation conducting a home for homeless and neglected boys does not change the rules of law applicable.

2. SAME—PUBLIC CORPORATIONS—STATE AGENCIES—SCHOOL DISTRICTS.

   A school district is a public corporation as well as a State agency within meaning of statute authorizing public corporations and State agencies to exercise the right of eminent domain (1 Comp. Laws 1929, § 3763 et seq.).

3. SAME—SCHOOL DISTRICT.

   Plaintiff school district proceeded properly in exercising power of eminent domain under statute empowering public corporations and State agencies to do so, notwithstanding plaintiff had first pursued a different method (1 Comp. Laws 1929, § 3763 et seq.).

4. SAME—EFFORT TO PURCHASE—CONDITION PRECEDENT.

   Where statute under which school district sought to condemn

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am. Jur., Eminent Domain, § 93.
[1] Right of public body to compensation where property held by it is taken for another public purpose. 56 A.L.R. 365.
[2, 3, 4] 47 Am. Jur., Schools, § 64.
[5] 47 Am. Jur., Schools, § 93 et seq.
[6, 7] 18 Am. Jur., Eminent Domain, §§ 93 et seq.; 104; 47 Am. Jur., Schools, § 64.

defendant's property did not require that an effort to purchase be made before commencement of proceedings, plaintiff was not in error in failing to make a bona fide effort to purchase the property prior to proceeding to condemn (1 Comp. Laws 1929, § 3763 *et seq.*).

5. SAME—SCHOOL DISTRICT—BUILDING FUND—ELECTION—TAXATION —BONDS.

School district which is shown to have had in excess of $50,000 in its building fund which electors had authorized to use for purpose of acquiring lands for buildings was not required, as a condition precedent to condemning a narrow strip of land between two tracts already owned by it, to have its electors vote taxes or bonds for purpose of paying for the property (1 Comp. Laws 1929, § 3763 *et seq.*).

6. SAME—PRESENT USE OF PROPERTY—NONPROFIT CORPORATION'S HOME FOR HOMELESS BOYS.

The fact that property sought to be condemned by school district was owned by a private nonprofit corporation and used as a residence for homeless and neglected boys so that they might attend plaintiff's school did not immunize such property from the superior right of eminent domain granted plaintiff, the question of necessity for the taking and the value of the property being for jury (1 Comp. Laws 1929, § 3763 *et seq.*).

7. SAME—ESTOPPEL.

Where plaintiff school district in previously acquiring nearby land from defendant by purchase made no legal undertaking to the effect that it would not condemn defendant's remaining property between two tracts owned by plaintiff, latter was not estopped from exercising power of eminent domain.

8. COSTS—CONDEMNATION PROCEEDING.

No costs are allowed in proceeding to condemn land of private nonprofit corporation for use of school district, because of nature of case.

Appeal from Jackson; Simpson (John), J. Submitted June 10, 1948. (Docket No. 49, Calendar No. 43,993.) Decided September 8, 1948.

Condemnation proceedings by Union School District of the City of Jackson to obtain property for school purposes. Motion to dismiss made by Starr Commonwealth for Boys, a Michigan corporation,

denied. Defendant reviews by appeal in the nature of certiorari.. Affirmed and remanded for further proceedings.

*Robert L. Drake,* for plaintiff.

*Phillip C. Kelly* and *Theodore Van Dellen,* for defendant.

Butzel, J. Plaintiff, Union School District of the City of Jackson, Michigan, is a corporation organized and existing under and by virtue of Act No. 453, Local Acts of 1897, as amended by Act No. 502, Local Acts of 1905. It filed a petition to condemn certain property in the city of Jackson for school purposes and selected as its method of procedure that prescribed by Act No. 149, Pub. Acts 1911, as amended (1 Comp. Laws 1929, § 3763 *et seq.* [Comp. Laws Supp. 1945, § 3765–1 *et seq.*; Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 8.11 *et seq.*]). From the description of the property in the petition as well as from the map attached to petitioner's brief, about which there apparently is no dispute, the property sought to be acquired by plaintiff constitutes a narrow strip of land, at the widest point 148½ feet, between Winthrop and Wildwood avenues in the city of Jackson, Michigan, on which a dwelling house is located. Plaintiff owns the adjacent land both to the east and west of the property in question, the respective buildings of the Jackson High School and the Jackson Junior College being located thereon. North of the land in question and across Winthrop avenue, plaintiff owns a very large lot which is evidently vacant and used as an athletic field.

Defendant, Starr Commonwealth for Boys, is a private, nonprofit corporation. It operates a home for homeless and neglected boys and provides for their education in industrial and vocational trades so as to make them good and useful citizens. It de-

servedly enjoys the reputation of being a most worthy, well-conducted and beneficent institution, but this fact cannot, however, change the rules of law applicable.

Previous to the commencement of the present litigation, plaintiff purchased from defendant a piece of property to the north and across the street from the narrow strip sought to be presently acquired. At that time plaintiff agreed "that students of Starr Commonwealth for Boys in residence in Jackson county shall have the right to attend Jackson Public Schools and Jackson Junior College at the same rates and terms as resident students of the city of Jackson, Michigan." It should be noted that defendant's institution is located in Calhoun county, and that it uses the house on the property in question as living quarters and a study hall for those of its boys who come over to Jackson to make use of plaintiff's educational facilities.

Defendant moved to dismiss plaintiff's petition, which motion was denied by the court below after allowing plaintiff to amend its petition in certain respects not material to this appeal and allowing defendant to amend its motion so as to include estoppel as one of its grounds. The trial judge, however, did not change his decision. The case was adjourned for further proceedings.

Numerous questions are raised on appeal, some of which can be grouped together for purposes of discussion. Defendant contends that the legislature, in creating the Union School District of the city of Jackson, did not delegate to it the power of eminent domain, and that even if it had such power, it is limited in the exercise thereof to the method prescribed by the school code, and may not proceed under Act No. 149, Pub. Acts 1911, *supra*. This act provides for condemnation of private property by State agencies and public corporations. It defines

"public corporations" as including "all counties, boards, commissions and agencies made corporations for the management and control of public business and property." Section 3 thereof empowers public corporations to exercise the right of eminent domain. A school district is a public corporation as well as a State agency within the meaning of the definition. *School District No. 4 of the Township of Marathon* v. *Gage,* 39 Mich. 484 (33 Am. Rep. 421); *Seeley* v. *Board of Education of City of Port Huron,* 39 Mich. 486; *Belles* v. *Burr,* 76 Mich. 1; *Attorney General, ex rel. Kies,* v. *Lowrey,* 131 Mich. 639; *Waterman-Waterbury Co.* v. *School District No. 4, of Cato Township,* 183 Mich. 168; *Daniels* v. *Board of Education of City of Grand Rapids,* 191 Mich. 339 (L.R.A.1916F, 468); *Child Welfare Society of Flint* v. *Kennedy School District,* 220 Mich. 290; *In re Board of Education of City of Detroit,* 242 Mich. 658.

Considerable stress is placed on the fact that on September 8, 1947, plaintiff's board of trustees passed a resolution to acquire defendant's property by condemnation under a different procedure than the one under which it is presently proceeding. However, it appears that no steps were taken to acquire the property under this resolution, and that on September 29, 1947, the board rescinded it in its entirety and then resolved that the property be acquired under Act No. 149, Pub. Acts 1911.

In the report of the judicial council of Michigan, January, 1931, a careful study was made of 17 different methods provided for by which various State agencies could exercise the right of eminent domain. Some of the methods apply only to certain agencies, while others apply to many agencies. Criticism has frequently been leveled at this system because of the confusion which it causes, but the recommendation of the judicial council of a single method was

never submitted as a constitutional amendment. Alternative methods are still left to certain public agencies. That pursued by plaintiff is proper, and is not in any way affected by the fact that plaintiff might have pursued a different method. The advantages of proceeding, as plaintiff did, are set forth in the opinion of Mr. Justice Wiest in *Re Board of Education of City of Detroit, supra.* The right of the petitioner to select the statute under which it desires to proceed was questioned in *Re Opening of Gallagher Avenue,* 300 Mich. 309, and we there held that either alternative method could be followed and that condemnation under one act rather than under another was not unconstitutional where just compensation is provided for. Petitioner proceeded properly.

Defendant claims that no bona fide effort was made to purchase the property prior to the institution of the condemnation proceedings. This is denied by affidavits on behalf of plaintiff. Also, the resolution of plaintiff's board of trustees states that negotiations for the purchase of the property had been unsuccessful. In *Commission of Conservation of Department of Conservation* v. *Hane,* 248 Mich. 473, it was contended that the policy of the State is that such an effort to purchase the property is necessary. We held that this argument was without merit. Some of the statutes relating to eminent domain contain such requirements while others do not. We find nothing in the act under which plaintiff is proceeding which requires such an effort.

Defendant further contends that plaintiff may not begin condemnation proceedings before the electors of the district have voted taxes or bonds for the purpose of paying for the property. The court properly held that even if there was a necessity for such an election, it was entirely obviated by the showing that the building fund of plaintiff contained a sum

in excess of $50,000 which had been authorized by the electors of the plaintiff to be used for the purpose of acquiring lands and buildings.

It is further claimed that the property is owned by a nonprofit corporation and is used as a residence for homeless and neglected boys so that they may attend plaintiff's school and the property already used for a public purpose may not be condemned for similar purposes. Defendant is a private nonprofit corporation and its lands are subject to condemnation. It is not a governmental agency supported by public tax moneys or holding governmental property or having the power of eminent domain. There is nothing in the Constitution or statutes which immunizes plaintiff's property from the superior right of eminent domain granted to plaintiff. In the last analysis, the question of the necessity for taking this property and, if taken, the proper compensation to be paid therefor is for the jury, which, as judges of fact and law, shall take into consideration many of the questions raised by plaintiff. These include necessity and the value of property, which may be reflected by the cost of acquiring or constructing another suitable building.

Defendant finally raises the question of estoppel claiming that when plaintiff purchased the vacant property to the north of the parcel sought to be acquired, defendant did not believe that an effort would be made to deprive it of the house it occupies lying between the school buildings. There was no legal undertaking by plaintiff to that effect.

The order of the trial court denying defendant's motion to dismiss is affirmed, but without costs on account of the nature of the case. The case is remanded for further proceedings in the trial court.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, Dethmers, and Carr, JJ., concurred.