Thomas E. FOSTER, Plaintiff,

v.

Mark HERLEY, Director of the Detroit Housing Commission, Detroit Housing Commission, City of Detroit, Michigan, Defendants.

Civ. No. 21904.

United States District Court
E. D. Michigan, S. D.
Aug. 17, 1962.

Elvin H. Wanzo, Detroit, Mich., for plaintiff.

Nathaniel H. Goldstick, Corp. Counsel, City of Detroit, Detroit Mich., for defendants.

KAESS, District Judge.

In this suit, the plaintiff seeks a judgment declaring his right to compensation for a decline in the value of property owned by him, said to be the result of action taken by the City of Detroit. For the purposes of this motion, the following facts pleaded in the second amended complaint are taken as true:

In October, 1949, the City of Detroit initiated eminent domain proceedings in the area bounded by Waterloo, Chene, and Lafayette Streets and the line of the Grand Trunk Railroad. Four square blocks were taken, but after two or three years the proceedings were abandoned as to the plaintiff's property and other property in the area. A notice of *lis pendens* placed against the property on June 7, 1950, continued in effect until June 16, 1960. Consequently, it became impossible for plaintiff to obtain insurance or loans on his property. Early in 1950, the owners were advised by the city to do nothing to improve or maintain their property until the city took it over, except to keep roofs over their heads and to keep the water running. This advice was followed, the area decayed, and the city ordered the houses razed. Again, the city initiated eminent domain proceedings, in which the property will be valued as unimproved property and the plaintiff will be denied any award for the losses suffered over the past twelve years as a result of misfeasance and nonfeasance attributable to the City of Detroit.

It is claimed that the action taken by the city constitutes a deprivation of property without due process of law, in violation of the Fourteenth Amendment. The court raised the question of its jurisdiction and invited briefs. The briefs discussed the application of Griggs v. County of Allegheny, 369 U.S. 84, 82 S. Ct. 531, 7 L.Ed.2d 585, which reviewed a decision of the Supreme Court of Pennsylvania. The Griggs case did not touch upon the question of the jurisdiction of a district court, which concerns us here. It is the court's conclusion that the suit is not one arising under the United States Constitution, and therefore that it ought to be dismissed.

The action taken by the City of Detroit did not result in compensation's being made or secured. Hence, it did not accomplish a taking of the plaintiff's property. Anderson Trust Co. v. American Life Ins. Co., 302 Mich. 575, 5 N.W.2d 470. Whether damages should be awarded upon the plaintiff's claim is a matter to be determined under the law of torts. The decisions of the Michigan Supreme Court do not settle the question,* but there are decisions of other courts recognizing an independent action to recover damages sustained through unreasonable delay or lack of good faith in prosecuting eminent domain proceedings that are subsequently abandoned. E. g. Carson v. Hartford, 48 Conn. 68; Winkelman v. Chicago, 213 Ill. 360, 72 N.E. 1066; Friendship Cemetery, etc., v. Mayor and City of Baltimore, 200 Md. 430, 90 A.2d 695.

If the plaintiff has stated a claim upon which damages may be awarded, it is one arising under state law, not the United States Constitution. The Court of Appeals for the Ninth Circuit considered the existence of federal question jurisdiction in like circumstances in Beistline v. City of San Diego, 9 Cir., 256 F.2d 421, cert. denied, 358 U.S. 865, 79 S.Ct. 96, 3 L.Ed.2d 98. There, the owner claimed that he had been forced to sell his property under the threat of eminent domain

---

* Under Michigan law, eminent domain proceedings may be abandoned before confirmation of the jury's verdict, In re Board of Education of City of Detroit, 242 Mich. 658, 219 N.W. 614, subject to review on the grounds of fraud, bad faith, or abuse of discretion. In re Huron-Clinton Metropolitan Authority's Petition as to Belleville Lake Park Project, 306 Mich. 373, 10 N.W.2d 920.

proceedings. The court affirmed dismissal for lack of jurisdiction, observing that the issues raised, fraud and duress, were issues of state law, triable in a state court, and did not necessarily involve a construction of the United States Constitution.

To be sure, the considerations that have led to the recognition of an action for unreasonable delay in the abandonment of such proceedings also underly the guaranty of the Fourteenth Amendment. Yet, in the search for the underlying law, there must be a common-sense accommodation of judgment to the problem at hand. This suit must turn upon a question of law unsettled in Michigan, and the most that can be said is that a constitutional question lurks in the background. See Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S. Ct. 96, 81 L.Ed. 70.

The motion to dismiss for lack of jurisdiction is granted. The other grounds for dismissal are not ruled upon.