RASMUSSEN v. LINCOLN PARK SCHOOL DISTRICT.

1. Courts—Jurisdiction—Common Pleas—Municipal Corporations.

Common pleas court does not have jurisdiction of actions against municipal corporations (CLS 1961, § 728.1).

2. Municipal Corporations—School District.

A school district is a municipal corporation.

---

References for Points in Headnotes

[1, 3]  20 Am Jur 2d, Courts § 87 et seq.
[2]  47 Am Jur, Schools § 12.
[4]  5 Am Jur 2d, Appeal and Error § 583.
[5]  24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 72.
[6]  5 Am Jur 2d, Appeal and Error § 1018 et seq.

3. COURTS—JURISDICTION—COMMON PLEAS COURT—SCHOOL DISTRICT.
   Common pleas court does not have jurisdiction of an action
   against a school district (CLS 1961, § 728.1).

4. APPEAL AND ERROR—JURISDICTION OF COURT BELOW—QUESTION
   NOT RAISED.
   Court of Appeals must raise question of jurisdiction of common
   pleas court *sua sponte,* if it is not raised by appellant, when
   it appears that jurisdiction of the lower court in the particular
   action is specifically denied by statute (CLS 1961, § 728.1).

5. DISMISSAL AND NONSUIT—LACK OF JURISDICTION—WITHOUT
   PREJUDICE.
   Reversal of judgment for plaintiff in lower court and dismissal
   because lower court lacked jurisdiction is without prejudice
   to merits of action in proper forum.

6. COSTS—PUBLIC QUESTION—LACK OF JURISDICTION.
   No costs are allowed on appeal by school district when action
   is dismissed for lack of jurisdiction in lower court, jurisdic-
   tional question not having been raised by appellant, where
   a public question is involved.

Appeal from Common Pleas Court of the City of
Detroit; Vokes (David C.), J. Submitted Division
1 June 3, 1966, at Detroit. (Docket No. 1,308.) De-
cided September 13, 1966.

Declaration by Gail A. Rasmussen against the
School District of the City of Lincoln Park, Wayne
County, for balance of salary alleged due on summer
teaching contract. Judgment for plaintiff. Defend-
ant appeals. Reversed, and dismissed without prej-
udice for lack of jurisdiction.

*Roger E. Craig,* for plaintiff.

*McGraw, Allen, Haass & Selander,* for defendant.

FITZGERALD, J. The suit which is the subject matter
of this appeal was brought in the common pleas

court for the city of Detroit. Plaintiff, a teacher, was informally hired to teach in the summer session conducted by defendant school district. Following one week's work, plaintiff's teaching contract was not approved by the district's board of education and she was replaced. Suit was brought to recover the balance of the 8-weeks salary she would have received had she continued to teach.

Judgment was rendered in favor of plaintiff for $507.50 damages and $7 court costs on the basis that defendant school board was estopped to deny the validity of the contract to teach since plaintiff had entered into performance thereunder. A motion for a new trial was denied and claim of appeal brought to this Court.

This Court must raise, *sua sponte,* a defect in the proceedings below which renders them nugatory and disposes of this appeal.

The common pleas court jurisdiction is set forth by statute and no greater powers can be conferred by action of the parties in not raising the issue. *Millman Brothers, Inc., v. City of Detroit* (1966), 2 Mich App 161.

That statute sets forth the following mandate, CLS 1961, § 728.1 (Stat Ann 1962 Rev § 27.3651):

"And exercise concurrent jurisdiction with the circuit court of the county in which said common pleas court is located in all civil actions now cognizable in said circuit court wherein the debt or damages do not exceed $3,000, *except actions against municipal corporations.*" (Emphasis supplied.)

Defendant in the instant case is a municipal corporation by definition over the years. *School District No. 4 of the Township of Marathon* v. *Gage* (1878), 39 Mich 484 (33 Am Rep 421), has been consistently cited for this proposition, more recent-

ly in *Attorney General, ex rel. McRae,* v. *Thompson* (1912), 168 Mich 511, and in *Hall* v. *Ira Township* (1957), 348 Mich 402.

By virtue of the statute, *supra,* and the school district being a municipal corporation, the common pleas court for the city of Detroit had no jurisdiction over the instant suit.

In accord with our holding in *Millman, supra,* the judgment is vacated and the proceedings dismissed without prejudice.

No costs, a public question being involved.

J. H. Gillis, P. J., and Quinn, J., concurred.