DARTLAND, *ex rel.* De MOTTS, *v.* HANCOCK SCHOOLS

1. Quo Warranto — School Board Elections — Parties — Proper Party — Moot Appeal.

    The question whether a county prosecuting attorney had authority to bring a *quo warranto* action on behalf of a defeated public school candidate challenging the election's procedure was not moot on a delayed appeal even though the election had already been held where a new officeholder would still be able to serve part of the term of the office in dispute; and where the question presented, even though it might be moot, is of importance to the jurisprudence of the state, the Court of Appeals is empowered to pass upon it.

2. Schools and School Districts—Public Corporations.

    A school district is a public corporation.

3. Quo Warranto—Public Corporations—Parties—Proper Party.

    Only the Attorney General has authority to bring a *quo warranto* action against persons who wrongfully hold or exercise any office in any public corporation (GCR 1963, 715).

4. Quo Warranto — School Board Elections — Parties — Proper Party.

    A county prosecuting attorney has no authority to bring a *quo warranto* action, on behalf of a defeated public school board candidate, alleging material error in the election (GCR 1963, 715).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 769.
[2] 47 Am Jur, Schools §§ 12, 13, 17.
[3, 4] 47 Am Jur, Schools § 37.
  44 Am Jur, Quo Warranto §§ 22, 23, 71, 72, 76.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 May 1, 1970, at Grand Rapids. (Docket No. 8,140.)  Decided June 26, 1970.

Complaint by Walter T. Dartland for *quo warranto* against the Public Schools of the City of Hancock, Raymond F. Hosang, William T. Eillola and the City of Hancock, for material error in school board election.  Accelerated judgment for defendants.  Plaintiff appeals.  Affirmed.

*Dartland, Johnson & Kedzior,* for plaintiff.

*Sterling W. Schrock,* for defendants.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J.  Myra De Motts was a candidate for the School Board of the Hancock public schools at the June 10, 1968 election.  She was defeated by four votes.

On July 9, 1968, Walter T. Dartland, then Houghton County Prosecuting Attorney, filed a *quo warranto* action in circuit court on behalf of Myra De Motts.  The complaint alleged that material error was committed at the election in that the ballot was improperly worded, candidates' names were not rotated on the ballot, and that relator was not furnished a proof copy of the ballot, all in violation of specific statutes.

On July 26, 1968, defendants moved for accelerated judgment on the grounds of lack of jurisdiction

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

GCR 1963, 116.1[1]) because the prosecuting attorney was without authority to bring the action. The circuit court granted the motion stating:

"The court is of the opinion that under the applicable statute and Rule 715, General Court Rules, the Prosecuting Attorney is not authorized to bring said action and that accordingly this court is without jurisdiction."

Pursuant to leave granted plaintiff prosecutes this appeal.

In the order granting delayed appeal this court directed the parties to brief the question of whether the appeal is moot.

We hold the question raised is not moot for two reasons: First, the term for which appellant was a candidate was for four years. The office is still being filled by a candidate chosen at the election which appellant claims was legally infirm. Thus, were the allegations of illegality to be sustained, there would remain some period of time when another selectee could serve for the remainder of the term. Secondly, under our holding in *Robson* v. *Grand Trunk Western Railroad Company* (1966), 5 Mich App 90, if the question presented is of importance to the jurisdiction of the state, we are empowered to pass upon it judicially even though in a technical sense the question as to the involved parties or subject matter may be moot. See, also, *LaFayette Dramatic Productions, Inc.* v. *Ferentz* (1943), 305 Mich 193; *Milford* v. *Peoples Hospital Authority* (1968), 380 Mich 49.

The second issue to be resolved is whether the prosecuting attorney was a proper officer to bring the *quo warranto* proceedings on the relation of a private citizen. Appellant cites as first authority RJA § 4545 (MCLA § 600.4545 [Stat Ann 1962 Rev § 27A.4545]). We set it forth:

"Sec. 4545.   (1) An action may be brought in the circuit court of any county of this state whenever it appears that material fraud or error has been committed at any election in such county *at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township, or municipality thereof.*

"(2) Such action shall be brought *within 30 days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county* without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof.   Such action shall be brought against the municipality wherein such fraud or error is alleged to have been committed.

"(3) After such action is brought the procedure shall conform as near as may be to that provided by law for actions for quo warranto."   PA 1961, No 236, § 4545, eff. Jan. 1, 1963.   (Emphasis supplied.)

Appellant's reliance is misplaced.   The quoted section is concerned only with elections at which "there has been submitted any constitutional amendment, question or proposition    *    *    *    ."   Such is not the case in the election here under consideration.   The section is inapplicable.

Next, appellant urges that § 4545 of the present Judicature Act is not new legislation, but is in effect a re-enactment of §§ 27, 28 and 29 of the 1915 Judicature Act.   We are unable to agree.   The sections differ in legal substance.   We are constrained to agree with the Preliminary Committee Comment in Chapter 45 covering *quo warranto:*

"This chapter is an extensive revision of the previous statute on the subject and *transfers a large part of what was in the statute to the court rules.*" (Emphasis added.)

Perforce we turn next to the Court Rule GCR 1963, 715, and particularly 715.2. It must be conceded, as noted in the author's comments,** that the respective roles of the attorney general and the prosecuting attorneys of the several counties is unclear. The authors further note:

"Until this difficulty is resolved by judicial interpretation, a citizen who wants to initiate quo warranto would be well advised to apply first to the Attorney General."

In comprehensive briefs the parties urge with vigor their respective positions. We choose to apply the traditional rules of statutory construction to the construction of the court rule. In so doing, we must eschew discussion of whether it is better from a public policy standpoint that a local situation, as is presented here, is better left to the local prosecuting attorney rather than the attorney general. What the drafters of the court rules said, they said. Ours is not to evaluate the policy that dictated their choice of language.

The concerned subsections are herewith set forth:

"715.2(1) Actions by Attorney General. Actions for quo warranto shall be brought by the attorney general when the actions are against:   *   *   *   ."

*   *   *

"(b) persons who usurp, intrude into, or wrongfully hold or exercise any office in any public corporation created by the authority of this state;

*   *   *

"715.2(2) Actions by Prosecutor or Citizen. *Other* actions for quo warranto shall be brought by the prosecuting attorney of the proper county, without leave of court, or by any citizen of the county by

** 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d), p 235.

special leave of the court or a judge thereof." (Emphasis added.)

It is patent to us that if the School District of the City of Hancock is a "public corporation" within the meaning of the first section above quoted, the rule has divested the prosecuting attorney of the authority he formerly held. The rule leaves no doubt that in this case the attorney general *shall* bring the action. If the district is not a public corporation, this is an "other" action for *quo warranto* and is within the local prosecutor's authority.

We address ourselves to the question:

"Every school district shall be a body corporate under the name provided in this act   *   *   *   ." MCLA § 340.352 (Stat Ann 1968 Rev § 15.3352).

"A school district is a municipal corporation." *Hall* v. *Ira Township* (1957), 348 Mich 402, 405.

"Defendant in the instant case is a municipal corporation by definition over the years." *Rasmussen* v. *Lincoln Park School District* (1966), 4 Mich App 278, 280.

"A 'public corporation' is one having for its object the administration of a portion of the powers of government delegated to it for that purpose. Such are municipal corporations." *Hammond* v. *Clark* (1911), 136 Ga 313 (71 SE 479).

Whatever our view may be as to the wisdom or desirability of leaving controversies of this nature to the local prosecutor, it appears that the great weight of authority supports the position taken by the able trial judge. The mandatory "shall" in subsection (1) of 715.2 vests the authority formerly shared by the prosecuting attorney and the Attorney General in the Attorney General alone.

Affirmed. No costs, a public question.

All concurred.