WARREN CONSOLIDATED SCHOOLS *v.* FROLING

OPINION OF THE COURT

1. EMINENT DOMAIN—SCHOOL BOARDS.

School board proceeded properly in exercising power of eminent domain under the state agencies act rather than the School Code of 1955, notwithstanding that it would not have to make a good faith offer to purchase prior to condemnation under the state agencies act (MCLA §§ 213.21 *et seq.*, 340.711).

2. TRIAL—INSTRUCTIONS TO JURY—OBJECTIONS—TIMELY RAISED.

Objections to jury instructions at trial are waived if not timely raised (GCR 1963, 516.2).

3. EMINENT DOMAIN—NECESSITY—EXPANSION PURPOSES—COMPETENT EVIDENCE—APPEAL AND ERROR.

Jury's finding of necessity for expropriating land for expansion purposes of a school will not be disturbed on appeal when competent evidence regarding the necessity for a condemnation was offered.

CONCURRING OPINION

HOLBROOK, J.

4. EMINENT DOMAIN—DAMAGES—JUST COMPENSATION.

*A jury was required to award defendants "such compensation therefor as it shall deem just" and it was not mandatory that the jury find damages to the remaining parcels of the defendants when the final awards were in total sums for both the land acquired by condemnation and the land remaining (MCLA § 213.30).*

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 26 Am Jur 2d, Eminent Domain §§ 61, 74, 103, 105, 121, 139.
[2] 53 Am Jur, Trial §§ 824–835.
[4] 26 Am Jur 2d, Eminent Domain §§ 6, 150–159, 170–173.
   27 Am Jur 2d, Eminent Domain §§ 247, 266, 279, 375–377, 406, 478.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 March 9, 1970, at Detroit. (Docket No. 7,043.) Decided October 28, 1970. Leave to appeal denied February 9 and March 19, 1971. 384 Mich 802, 819, 820.

Petition by Warren Consolidated Schools Board of Education against William P. Froling and Helen Walker for acquisition by condemnation of private property. Judgment for plaintiff. Defendant appeals. Affirmed.

*Charles H. Earl,* for plaintiff.

*Dickinson, Wright, McKean & Cudlip (Charles R. Moon, John E. S. Scott* and *John H. Yoe,* of counsel), for defendant.

Before: T. M. Burns, P. J., and Holbrook and Bronson, JJ.

Bronson, J. The Warren Consolidated Schools Board of Education by resolution determined that there was a need to take land for the erection of a new school. The school board authorized its attorney to commence proceedings in accordance with its resolution. On May 5, 1967, the school board commenced suit.

At a trial before a jury in Macomb County Circuit Court, petitioner was awarded a parcel of property. The price to be paid by way of compensation for the taking was determined at $7,500 per acre. Respondent appeals that decision and the denial of his motion for a new trial.

Respondent contends that the school board should have proceeded under MCLA § 340.711 (Stat Ann 1968 Rev § 15.3711), known as the School Code of 1955. Petitioner argues that, while the School Code of 1955 could have been followed, petitioner had a

valid alternative and did in fact so act under MCLA § 213.21 *et seq.* (Stat Ann 1958 Rev § 8.11 *et seq.*), the state agencies act. This issue is crucial, for under the state agencies act there is no requirement that a good faith offer to purchase be made prior to condemnation. In the instant case no such offer was in fact made by the school board.

We find that petitioner could properly proceed under the state agencies act. See *Union School District of the City of Jackson* v. *Starr Commonwealth for Boys* (1948), 322 Mich 165.

At trial, the verdict roll was presented to the jury in the form prepared by petitioner's attorney. The form of verdict submitted to the jury required them to assess the total amount of compensation to be paid each of the respondents. The jury returned a verdict with an acreage price for each parcel but no total award. Respondent contends that the verdict returned was erroneous in that it did not follow either the instructions of the court, the form of the verdict to follow, or the requirements of statute, MCLA § 213.31 (Stat Ann 1958 Rev § 8.21).

The respondent failed to make timely objection to the jury instructions at trial. Objections are waived under GCR 1963, 516.2 if not timely raised.

Respondent further contends that there was a burden on the petitioner to show the necessity for this taking and that that burden was never carried. Competent evidence regarding the necessity for a condemnation was offered. The finding of fact by the jury was sustained by the evidence, and thus it will not be disturbed on appeal. *Department of Conservation* v. *Connor* (1947), 316 Mich 565.

Affirmed. No costs.

T. M. BURNS, J. concurred.

HOLBROOK, J. (*concurring*).  This writer agrees with the majority opinion in the result, but believes it helpful to explain the reasons for concurrence. For this purpose it is deemed advisable to relate a part of the proceedings pertinent to this appeal, *viz.:*

*"Mr. Scott (for defendant Froling)*:  The only item I have is in regard to the form of the verdict, which I approved before I took a look at it, in regard to the question of the amount of land to be taken. I don't think there is anything, it recites the total, but I do not think necessarily the jury needs to find the total.  There is no portion in there which would allow them —.

\* \* \*

*"Mr. Goetz (for defendant Walker)*:  Does the verdict roll indicate the amount of acreage?

*"Mr. Earl (for plaintiff)*:  Yes, I believe it does. It should.
*"Mr. Goetz:* It should if it doesn't.
*"Mr. Earl:* I am sorry.  It does.
*"Mr. Goetz:* There is a slight difference.
*"The Court:* Yes.  Walker is 8.541 and Froling is 8.40970.
*"Mr. Goetz:* I had to switch them around.  When he got the survey, I got the amended petition.  That is set forth in one, two, in the survey and my secretary files it the same.
*"The Court:* Okay."

The verdict of the jury appears as follows:

*"Court Clerk:* Okay, sir, have you reached a verdict?
*"Foreman:* Yes, we have.
*"Court Clerk:* How do you find?
*"Foreman:* We, members of the jury, find that it is necessary to make the proposed school improve-

ment and establish or enlarge the school site, and
that it is necessary to take the private property
described in said petition in this cause for the use
or benefit of the public for the proposed improve-
ment or for the accomplishment of the proposed
purpose, title of the property taken within the said
boundaries of the school site to be taken in fee
simple.

"*The Court:* Okay. How about damages?

"*Foreman:* Our just compensation to be paid for
such private property, we have assessed at the rate,
that it is hereby awarded as follows:

"For Parcel Number One, 8.40997 acres at the
rate of $7,750 per acre, $7,750 per acre.

"*The Court:* All right.

"*Foreman:* And Parcel Number Two, which is
8.14 acres, for the same price, $7,750 per acre.

"*The Court:* You didn't multiple it out?

"*Foreman:* No, we did not multiply it out."

Objections were made to the form of the verdict
by defense counsel because the awards were not in
lump sums and because they did not reflect any
awards for damages to the remaining property of
defendants. The jury returned to the jury room
and the record discloses the following:

"(*Whereupon the jury returned at 3:53 o'clock,
p.m.*)

"*The Court:* All right, Mr. Foreman, did you
multiply?

"*Foreman: Gassman:* Well, we made a fast com-
putation for Parcel Number One was $65,177.27.
And Parcel Number Two was $65,889.26."

The expert witnesses testified regarding the dam-
ages on a per-acre basis in their determination of
the before and after value of the property without
objection of defendants.

The trial judge's instructions pertaining to just
compensation were as follows:

"Just compensation is defined as that compensation which will neither enrich the individual at the expense of the public, nor enrich the public at the expense of the individual.

"It is rather that compensation which will put the property owner back as nearly as possible at status quo. That is, nearly as possible in the same position as he would have been had the property not been taken from him.

"Now, how do you arrive at just compensation? Well, just compensation is arrived at by determining as nearly as possible what a willing buyer would pay for this property in its present condition at the time of the taking, to a willing seller.

"That is what would a buyer, who is under no compulsion to buy, pay to a seller who is under no compulsion to sell for that property? This is what you must determine.

"And it again, as I pointed out, the appraisers were here and testified for the purpose of guiding you in arriving at that conclusion by virtue of their expert opinion. You are not, however, bound absolutely by any one of them. But your award must be within the limits of the lowest appraisal, that is the first, and you must be within the appraisal of the highest, and that is the seller. It can be either the highest or the lowest or any point in between. You cannot go out of that range. Is that clear?

"Now, in this particular case, we have a partial taking. In other words, the whole parcel isn't taken. And we have to determine not only what the just award would be by determining what a willing buyer would pay a willing seller, as I have defined its terms for you for that which has been taken, but also whether or not there have been any consequential damages to the remainder by virtue of the taking.

"I think in one instance there was a difference in this particular case.

"One appraiser testified to a different value because of the lessening of the entire parcel. This is something for you to determine also.

"In addition, whether there is some property left, in addition to determining what a willing buyer would pay a willing seller for the property taken, if there is property left, you must determine whether or not its value has been affected by the taking itself. And you do this by determining what a willing buyer would pay a willing seller for the whole parcel prior to the taking, and then what a willing buyer would pay a willing seller for the remainder after the taking. The difference, of course, being the damages which the property owner is entitled to, if any.

"Now you are to consider the property in determining its value based upon its highest and best use.

"In other words, the highest and best use which is possible to put this property to is the basis for the award."

MCLA § 213.30 (Stat Ann 1958 Rev § 8.20) controls as to this issue and reads as follows:

"The jury shall determine in its verdict the necessity for the proposed improvement or for the accomplishment of the proposed purpose, and for taking such private property for the use or benefit of the public for the proposed improvement or for the accomplishment of the proposed purpose, and in case it find such necessity exists, it shall award to the owners of such property and others interested therein such compensation therefor as it shall deem just."

The jury was required to award defendants "such compensation therefor as it shall deem just". The instructions were proper under the circumstances and it was not mandatory that the jury find damages to the remaining parcels of the defendants and evidently they did not so find. The final awards were in total sums and although the awards were accepted by the court in their first form, they were amended

by the jury at the request of the court and no prejudice resulted.

The instructions of the court were satisfactory to defendants at the time, for they were not objected to in accord with GCR 1963, 516.2. It is now too late to object to them. *State Highway Commissioner* v. *Snell* (1967), 8 Mich App 299.

Affirmed. No costs.