**Thomas E. FOSTER and Georgie Lee Foster, Plaintiffs,**

**Church of Our Father, Baptist, Inc., Intervenor Plaintiff-Appellant,**

v.

**Mark HERLEY, Director of Detroit Housing Commission; Detroit Housing Commission, City of Detroit, Michigan, Defendants-Appellees.**

No. 73-1084.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1973.

Decided Jan. 23, 1974.

---

Irving B. Ackerman, Alan T. Ackerman, Detroit, Mich., on brief, for appellant.

Alvin R. Davidson, Detroit, Mich., for appellees; Michael M. Glusac, William J. Coughlin, Thomas J. O'Dowd, Detroit, Mich., on brief.

Before PECK and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

In 1950 the City of Detroit (hereinafter "the City") filed a condemnation action in an area of the City designated "Mich. 1–11" with the stated intention of establishing a public housing project. The project languished for a decade, however, and in 1960 the City discontinued the condemnation proceedings begun in 1950. With the aid of federal funding the City resurrected the planned project and filed a new condemnation suit in the same area in 1962. A class action suit was filed against the City in 1961 by residents of the "Mich. 1–11" area sustaining injuries due to the manner in which the City conducted the condemnations. The District Court dismissed the action, Foster v. Herley, 207 F.Supp. 71 (E.D. Mich. 1962), but this Court reversed on the grounds that a cause of action had been stated. Foster v. Herley, 330 F.2d 87 (6th Cir. 1964). The District Court found that the plaintiffs had been injured by the dual condemnation proceedings and appointed a Special Master to determine membership in the class and damages. Foster v. City of Detroit, 254 F.Supp. 655 (1966). This Court affirmed that decision. 405 F.2d 138 (6th Cir. 1968).

Appellant herein, Church of Our Father Baptist, Inc., pursuant to the District Court's opinion, filed suit asking for inclusion in the aggrieved class and for damages. The Special Master appointed to determine membership in the class of property owners in the "Mich. 1–11" area subjected to dual condemnation by the City found that appellant was not a member of that class and was not entitled to additional compensation. The District Court affirmed the Master's findings. The appellant has perfected this appeal from that judgment.

Appellant is one of three churches in the "Mich. 1–11" area which filed claims with the Master seeking membership in the Foster v. Herley class and additional compensation. In each instance the claim was denied and the denial was affirmed by the District Court. This is the second appeal to reach this Court. In Clinton Street Greater Bethlehem Church v. City of Detroit, 484 F.2d 185 (6th Cir. 1973), we affirmed the District Court's

judgment on two alternative grounds: First, the Bethlehem Church had not been subject to the 1950 condemnation proceedings and thus, had not been subject to dual condemnation; and secondly, the Bethlehem Church had voluntarily accepted a negotiated settlement of its claim against the City. For the reasons announced in Clinton Street Greater Bethlehem Church v. City of Detroit, *supra*, we conclude that appellant is not entitled to the relief requested.

■ Appellant was exempt from the 1950 condemnation brought by the City. Although appellant did notify the City in 1956 of its desire to be included in the original suit, the City took no action against the church property under the 1950 suit. Appellant's property was condemned, however, under the second condemnation action instituted in 1962. In spite of appellant's expressed desire, it was not subject to the 1950 suit, and was not, therefore, subject to dual condemnation.

■ Appellant maintains that although not technically part of the 1950 action, the deterioration of the "Mich. 1–11" area caused by the City's actions resulted in lowered property values and constituted a taking sufficient to meet the criteria for membership in the aggrieved class. The same claim was raised in the *Bethlehem Church* case and rejected because the alleged de facto taking did not stem from inclusion in the 1950 condemnation suit.

In Woodland Market Realty Co. v. City of Cleveland, 426 F.2d 955 (6th Cir. 1970), this Court was confronted with a similar problem involving an alleged de facto taking. A market exempted from surrounding condemnations claimed a constitutional taking in that its property was of less value due to isolation and the absence of customers. Similarly, appellant complains that it lost its congregation. In the above case we held that alteration of a neighborhood by condemnation proceedings does not give rise to a claim for the depreciation in the value of surrounding property. We

conclude that, "other alleged damage notwithstanding, the appellant was not a proper member of the class . . . . " Clinton Street Greater Bethlehem Church v. City of Detroit, *supra*, 484 F.2d at 188.

■ The alternative reason for this Court's decision in the *Bethlehem Church* case, the existence of a negotiated settlement, applies with equal validity in this case. Appellant, represented by counsel, accepted a settlement of $139,-000. The attorney who represented appellant in the settlement negotiations testified that he had recommended a rejection of that figure because he thought that a greater sum could be obtained by taking the matter before a jury. In spite of the professional advice of its own attorney, appellant chose to accept the offer. As we stated in *Bethlehem Church*, *supra* at 189, "Such a settlement is as binding, conclusive and final as if it had been entered in a judgment."

The City misplaced or lost its appraisal reports on the church property. Appellant introduced evidence from various sources indicating that the value of the property was substantially greater that $139,000. Thus, appellant argues, since the City couldn't show the basis for its appraisals, the figures offered by appellant should be taken at face. This argument overlooks the fact that appellant accepted, of its own volition, a settlement of $139,000. The acceptance of the City's offer does not bespeak conviction in the greater worth of the property. In the absence of mistake, fraud or unconscionable advantage, none of which are urged by appellant, we hold that appellant is bound by the terms of the settlement.

The last point raised is that the Master erroneously based his finding of the property's worth on 1948 construction cost estimates instead of the value at the time of the taking. The record reveals, however, that appellant's own witness testified that by the method used to estimate cost of construction the 1948 figures would have been $95,000. The Master assigned a value of $133,000 to

the church building. We find no validity in this argument.

For the reasons stated herein, we affirm the judgment of the District Court.

McCREE, Circuit Judge (concurring).

I concur, not because I am persuaded that the decision in Clinton Street Greater Bethlehem Church v. City of Detroit, 484 F.2d 185 (6th Cir. 1973), is correct but because I have been unable to persuade a majority of the court to adopt the views I expressed in my dissenting opinion in that appeal.